THE STATE OF OHIO, APPELLEE, *v.* HUDSON, APPELLANT.

(No. 45183—Decided June 6, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Michael L. Belcher,* for appellant.

PARRINO, J. Defendant Gregory Hudson was arrested for rape on May 16, 1981. He was held in jail for two days and

released when he posted bond.[1] He was indicted June 30, 1981 for two counts of rape (R.C. 2907.02), one count of gross sexual imposition (R.C. 2907.05) and one count of kidnapping (R.C. 2905.01); he was arraigned on these counts July 14, 1981. Although it does not affirmatively appear on the record, the defendant states and the state agrees that at a pretrial conference on August 8, 1981, a trial date of October 26, 1981 was set. Trial was not held on that date and a new trial date of January 7, 1982 was set.[2]

On January 7, 1982, the defense and prosecution appeared for trial and the court, *sua sponte* and over objection, ordered the case continued as the court was engaged in trial. The journal entry for this continuance, which was journalized January 29, 1982, reads:

"Trial scheduled for this date. State and defendant ready to proceed. Court is unable to proceed because the Court is currently engaged in trial of another case.

"Therefore, this trial is continued to the earliest available Court date."

Trial was commenced February 19, 1982 after the court overruled defendant's motion to dismiss for lack of speedy trial; the trial date was two hundred eight-one speedy trial days after arrest, if no permissible extensions appear on the record.[3]

Defendant was convicted on all counts and sentenced to three concurrent terms of seven to twenty-five years; the court dismissed the kidnapping charge as an allied offense. Defendant (hereinafter "appellant") is before this court solely on the speedy trial issue.[4]

---

[1] The record is somewhat unclear as to these dates. Bond was posted May 19, 1981, but defendant stated both at the hearing on his motion to dismiss and on appeal that he was in jail only May 16 and 17. The state has acquiesced on appeal that defendant was arrested May 16 and that date has been used to compute the speedy trial days.

[2] No journal entry appears for this continuance.

[3] Defendant was arrested May 16, 1981 and held in jail May 16 and 17; pursuant to Crim. R. 45 the first day is not counted. May 17 counts as three speedy trial days per R.C. 2945.71(E). We have, therefore, the following calculations if no extensions are found: May 17, three days; May 18-31, fourteen days; June, thirty days; July, thirty-one days; August thirty-one days; September, thirty days; October, thirty-one days; November, thirty days; December, thirty-one days; January, thirty-one days; February, nineteen days, for a total of two hundred eighty-one days.

[4] Appellant assigns four errors, which will be addressed together:

"1. Whether the trial court erred in overruling appellant's motion to discharge the indictments pursuant to Ohio Revised Code Section 2945.73 where the appellant was brought to trial two hundred eighty-four (284) [*sic*] days

after his arrest and where the record indicates that appellant did not contribute in any way to the delay?

"2. Whether the trial court erred in overruling the appellant's motion to discharge the indictment pursuant to Ohio Revised Code Section 2945.73 where the record clearly indicates that the trial of the subject matter was continued on three (3) separate occasions on the court's own motion because the court was involved in the trial of a civil matter and where said continuances were made with the provision that 'trial continued to earliest available date,' without the court setting a day certain for trial?

"3. Whether the *sua sponte* continuance by the court of appellant's trial from January 7, 1982 to February 19, 1982, a period of forty-three (43) days, was unreasonable in light of the fact that the court had twenty-nine (29) days, (from January 7, 1982 to February 5, 1982), within which to schedule defendant's trial or refer it to a 'visiting judge' so as to comply with Ohio Revised Code Section 2945.71?

"4. Whether the trial court erred in overruling appellant's motion to discharge the indictment pursuant to Ohio Revised Code Section 2945.73, when, as a prerequisite and as part of the burden of pursuasion [*sic*], the court required appellant to show that he had been prejudiced by the delay in obtaining a speedy trial?"

The speedy trial statutes, R.C. 2945.71 and 2945.73, set forth specific time limitations to implement the constitutional right to a speedy trial. The exceptions set forth at R.C. 2945.72 are a recognition that strict time limits cannot be imposed under all circumstances. The exception which is pertinent to the case at bar is found in R.C. 2945.72:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and *the period of any reasonable continuance granted other than upon the accused's own motion;*" (Emphasis added.)

In *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 209 [2 O.O.3d 392], the court stated:

"It is evident that to construe R.C. 2945.72 too broadly would render meaningless, and thwart the direction of, the speedy-trial statutes. Practices which are used to undercut R.C. 2945.71 and 2945.73 must not be used to extend the requisite time limits. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104 [73 O.O.2d 357].

"The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes."

In *Lee* the court held that an entry made prior to the expiration of the time limit which continued the case to a date two days in excess of that limit giving as reason a "crowded docket & judge's conference" was reasonable and therefore the speedy trial statute was not violated.

In the instant case trial was set for January 7, 1982, a date well within the required statutory limit. On that date, however, the court was engaged in trial and continued the case "to the earliest available Court date." The earliest available date was February 19, 1982 when appellant was brought to trial. This continuance, to a date eleven days beyond the statutory limit, is reasonable by virtue of the court's crowded docket.

We fully recognize that the speedy trial provisions of R.C. 2945.71 *et seq.* must be strictly enforced by the courts of this state, *State* v. *Pachay* (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427], and that a standardized form completed by a trial court indicating crowded docket conditions would not justify a substantial trial delay of more than double the required statutory trial period. *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171 [8 O.O.3d 162]. However in the instant case the record clearly indicates that the trial court could not bring appellant to trial within the required time because the court was engaged in the trial of another case. We conclude that an eleven-day extension beyond the statutory period was reasonable.

It is not necessary that the appellant show prejudice by the continuance; he does, however, have the obligation to persuasively assert facts which show the continuance to be unreasonable. *State* v. *Lee, supra; Aurora* v. *Patrick* (1980), 61 Ohio St. 2d 107 [15 O.O.3d 150] (where trial was set before the expiration of the statutory limit but the court was closed on that date, a *sua sponte* continuance to the next available trial date nine days after the limit was not facially unreasonable. As the defendant did not demonstrate that the continuance was unreasonable, the time limit was effectively extended by virtue of R.C. 2945.72[H]). Although appellant has argued that the extension was unreasonable, he has not offered a persuasive argument to support that position.

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and JACKSON, J., concur.

JACKSON, J., concurring. Appellant was arrested for rape on May 16, 1981. He was released on bond two days later. Trial was scheduled and continued on October 26, 1981, and January 7, 1982, over the objections of both the state and the defense. Trial did not commence until February 19, 1982, eleven days after the period of limitations for bringing the appellant to trial under the Speedy Trial Act had elapsed. On appeal, appellant contends that he was entitled to discharge because of the running of this period of limitations.

R.C. 2945.71 provides that an accused is entitled to discharge unless he is brought to trial within the time prescribed by statute. This period may be extended by any period of reasonable continuance. R.C. 2945.72(H). The disturbing aspect of the case at bar is that on January 7, 1982, when the trial court ordered a continuance to the next available court date, the trial court was engaged in a *civil* case. The trial court expressly stated that it knew of "no tradition, no rule, no practice which says that criminal trials have priority, *per se.*" Crim. R. 50 states that "[c]riminal cases shall be given precedence over civil matters and proceedings."

The record does not disclose whether the trial court presided over a single civil case between January 7, 1982 and February 19, 1982, whether one civil case and several criminal cases were heard, or whether multiple civil cases were scheduled. Consequently, I am persuaded that it is not necessary for this court of appeals to determine whether, in view of the mandate contained in Crim. R. 50, the period of limitations under the Speedy Trial Act may be extended so that a civil matter may be heard first, *i.e.,* whether a continuance granted in order that the court may first entertain a civil action constitutes a "reasonable continuance" within the meaning of R.C. 2945.72(H). Under the posture of the record, it is possible that in the case at bar the trial court was engaged in a civil matter on January 7, 1982, and in criminal matters shortly thereafter until the date of trial. This court, therefore, must presume the regularity of the proceedings below.

Moreover, as a judge of an intermediate appellate court, I feel obligated to take judicial notice of the tremendous case load borne by the judges of the trial courts of this district, and the fact that competing public policies may increase the pressures upon the trial bench. Nevertheless, this does not alter the responsibility of the trial court to comply with the law.

Under the rules promulgated by the Ohio Supreme Court, and implicitly approved by the Ohio Legislature, criminal cases *must* be given precedence, and by statute, criminal (felony) cases *must* be tried within two hundred seventy days after the defendant's arrest.

Accordingly, I concur in the majority opinion with the express admonition to the trial courts that all reasonable efforts must be exerted to effectuate both Crim. R. 50 and the Speedy Trial Act.