THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

(Nos. 53949 and 54156 — Decided July 5, 1988.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Michael I. Greenwald,* for appellant.

PATTON, J. Defendant-appellant Love Taylor was convicted in the Cuyahoga County Court of Common Pleas of one count of theft, R.C. 2913.02, and one count of trafficking in drugs, R.C. 2925.03. The following facts give rise to this appeal.

On August 3, 1983, defendant was indicted in case No. 53949 for one count of aggravated robbery, R.C. 2911.01. On November 8, 1983, he entered a plea of not guilty to the indictment.

On December 15, 1983, defendant was charged in case No. 54156 with one count of trafficking in drugs, R.C. 2925.03. On December 22, 1983, he entered a plea of not guilty to this second indictment.

After several continuances in both cases, defendant failed to appear in court, and a capias was issued on or about April 17, 1984.

The defendant was eventually found to be serving time on unrelated criminal charges at a federal correctional facility in Milan, Michigan, and a detainer was lodged against him. On January 14, 1987, he was returned to Ohio to face trial on the two pending indictments. Case No. 53949 was set for trial on April 21, 1987.

The trial did not go forward on that day, but instead commenced on May 18, 1987. Immediately prior to trial, the defendant moved the court to dismiss the indictments against him on the grounds that he had not been brought to trial within one hundred twenty days after his arrival in Ohio, pursuant to Article IV of the Interstate Agreement on Detainers ("IAD"), codified at R.C. 2963.30. Defendant argued that under the IAD, he should have been brought to trial on or before May 14, 1987. The motion was overruled, and the case proceeded to trial. A journal entry dated May 18, 1987 indicates that the trial in case No. 53949 had been continued from April 17, 1987 because the court had been involved in criminal case No. 215,283, styled *State of Ohio* v. *Donald Richard.* This entry was journalized on May 28, 1987.

On May 20, 1987, defendant was found guilty in case No. 53949 of the lesser included offense of theft, R.C. 2913.02. On May 26, 1987, he was sentenced to a term of one and one-half years, to be served consecutively to defendant's federal sentence. On the same day, case No. 54156 was continued at the defendant's request. Trial in case No. 54156 was set for June 15, 1987.

On June 16, 1987, defendant appeared in court and renewed his motion to dismiss the indictment in case No. 54156 for failure to prosecute within one hundred twenty days of his arrival in Ohio. The motion was overruled, and defendant entered a plea of no contest to the indictment charging him with trafficking in drugs. He was sentenced to a term of three to fifteen years, with three years being actual incarceration. This sentence was to run concurrently with defendant's sentence in case No. 53949 and with defendant's federal sentence.

This appeal followed, and defendant asserted two assignments of error:

"I. The lower court erred when it failed to dismiss the charges against the defendant upon both cases to which

the defendant was convicted, pursuant to R.C. 2963.30. Said section requiring trial of a defendant within 120 days of the arrival of a prisoner in a receiving state is a mandatory provision.

"II. With respect to case No. 54156, the lower court erred in finding the defendant guilty of R.C. 2925.03 (A)(5), as there was no proof that the controlled substance involved exceeded the bulk amount."

## I

The defendant's first assignment of error contends that the trial court erred when it failed to dismiss the charges against the defendant as a result of the failure to commence trial within one hundred twenty days of defendant's arrival in Ohio, pursuant to the Interstate Agreement on Detainers, codified at R.C. 2963.30. This assignment of error is well-taken.

We note initially that the defendant's challenge in this appeal is not based on Ohio's speedy trial statutes, R.C. 2945.71 to 2945.73, but instead is based solely on the time provisions in the IAD. Thus, while defendant's continuances in 1983 and 1984 and his subsequent flight would toll his statutory right to a speedy trial, they have no bearing on the timeliness of defendant's trial under the IAD once he was returned to Ohio in January 1987.

The Interstate Agreement on Detainers provides prisoners and prosecutors with a mechanism to expeditiously dispose of pending criminal charges.[1] Under Article IV of the IAD, a prosecutor may lodge a detainer against a prisoner in another jurisdiction in order to secure the prisoner's presence for disposition of the prosecution after the prosecutor presents a written request for temporary custody or availability to the appropriate officials in the jurisdiction in which prisoner is incarcerated. Article IV(c) provides:

"In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

Article V(c) provides:

"* * * [I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in * * * Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

In *United States* v. *Ford* (C.A. 2, 1977), 550 F. 2d 732, the court held that the failure to comply with the speedy trial requirements of Article IV(c) of the IAD mandated that the indictment be dismissed with prejudice, pursuant to Article V(c) of the IAD. In *Ford,* the federal government lodged a detainer against the defendant while he was serving time in Massachusetts. He was brought to New York to face the federal charges and, after several delays, he was brought to trial more than thirteen months after the expira-

---

[1] For a discussion of the history and purposes of the IAD, see *United States* v. *Mauro* (1978), 436 U.S. 340, 349-353. See, also, Comment, Interstate Agreement on Detainers and the Rights It Created (1985), 18 Akron L. Rev. 691; Annotation, Validity, Construction, and Application of Interstate Agreement on Detainers (1980), 98 A.L.R. 3d 160, Section 28.

tion of the one hundred twenty days permitted under Article IV(c). *Id.* at 742. In light of this apparent violation of Article IV(c), the *Ford* court then considered whether the one-hundred-twenty-day period was extended by the granting of necessary or reasonable continuances "for good cause shown in open court, the prisoner or his counsel being present." The court concluded that two continuances were necessary and reasonable, but that the remaining three continuances were unjustified. *Id.* at 743. Moreover, two of those three unwarranted continuances were not granted in open court, with the defendant or his counsel present. The *Ford* court accordingly held that the defendant's right to a speedy trial under Article IV(c) of the IAD was violated. The *Ford* court further held that Article V(c) required that the defendant's convictions be reversed and the indictment be dismissed with prejudice, irrespective of whether the defendant was prejudiced by reason of his untimely trial. *Id.* at 743-744. The United States Supreme Court affirmed the judgment of the *Ford* court in *United States* v. *Mauro* (1978), 436 U.S. 340, 361-365.

In the instant case, the prosecutor lodged a detainer against the defendant while the latter was confined at a federal correctional facility in Milan, Michigan. Thereafter, defendant was made available, and he arrived in Ohio on January 14, 1987. Under Article IV(c) of the IAD, defendant should have been brought to trial on or before Thursday, May 14, 1987. Trial in this case did not commence until Monday, May 18, 1987. The issue presented is whether the failure to try defendant on or before May 14, 1987 requires that the indictments be dismissed.

We must first determine whether there was a valid continuance of the defendant's originally scheduled trial date from April 21, 1987 to May 18, 1987, four days after the expiration of the one hundred twenty days allowed by Article IV(c). Article IV(c) authorizes a court to grant necessary or reasonable continuances "* * * for good cause shown *in open court, the prisoner or his counsel being present * * *.*" (Emphasis added.) In construing this provision of the IAD, the courts have emphasized that such a continuance must occur in an adversarial context so that the parties may voice their objections to the continuance. Compare *Elliotte* v. *State* (Del. 1986), 515 A. 2d 677 (conference with defense counsel present complied with "open court" requirement), with *Stroble* v. *Anderson* (C.A. 6, 1978), 587 F. 2d 830, certiorari denied (1979), 440 U.S. 940 (continuance granted in absence of defendant or counsel did not comply with "open court" requirement); *United States* v. *Ford, supra (sua sponte* continuances without any type of formal hearing did not comply with "open court" requirement). But, see, *Johnson* v. *Stagner* (C.A. 9, 1986), 781 F. 2d 758 (remanded for hearing to determine whether continuance granted for good cause in open court with defendant or counsel present where record was unclear). The *Ford* court explained that "unless the defendant is given an opportunity to participate, his speedy trial rights may be whittled away in the non-adversary context of ex parte communications between the government and the court. * * *" *United States* v. *Ford, supra,* at 743.

In the instant case, the record does not reflect that the trial court complied with the provisions of Article IV(c) of the IAD when it purported to continue defendant's trial date. Although defendant's trial was originally scheduled for April 21, 1987, within the one hundred twenty days allowed by Article IV(c), trial did not, in fact, commence until four days after the expiration of

one hundred twenty days, on May 18, 1987. The record does not reflect that the court granted a continuance in open court with either the defendant or his counsel present prior to the expiration of the time allowed by Article IV(c). A journal entry reflecting the continuance from the April 1987 trial date was not prepared until after the one hundred twenty days elapsed, on May 18, 1987. On this record, we are compelled to conclude that the trial court's failure to grant a continuance in compliance with Article IV(c) violated the defendant's right to a speedy trial under the IAD.

The prosecutor contends that defendant's trial was timely because the trial court apparently was in trial in another criminal case on the scheduled trial date of April 17, 1987 and that the continuance until May 18, 1987 was reasonable. The prosecutor analogizes this case to *State* v. *Hudson* (1983), 10 Ohio App. 3d 52, 10 OBR 62, 460 N.E. 2d 668, where this court held that an eleven-day extension beyond the statutory period for bringing an accused to trial was reasonable where the record reflected that the court could not bring the defendant to trial within the required time because the court was engaged in the trial of another case. Accepting for the moment the prosecutor's analogy to the Ohio speedy trial statutes, the Ohio Supreme Court has held:

"When *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 2 OBR 282, 441 N.E. 2d 571, syllabus.

In the instant case, the court's journal entry reflecting the *sua sponte* continuance from April 17, 1987 to May 18, 1987 was not drafted until May 18, four days after the day on which defendant should have been brought to trial, and was not journalized until May 28, 1987. Thus, the prosecutor's analogy to the speedy trial statute buttresses our conclusion that the trial court's purported continuance was untimely and thus ineffective to extend the period of time within which defendant was to be brought to trial.

Moreover, even if the court had granted a timely continuance in open court with either the defendant or his counsel present, Article IV(c) of the IAD requires a showing of "good cause" for such a continuance. The courts have held that a congested court calendar does not, by itself, automatically provide "good cause" to continue a trial date beyond the time limits allowed under the IAD. Compare *State* v. *Aaron* (1984), 102 N.M. 187, 692 P. 2d 1336 (good cause for continuance), with *Brown* v. *Wolff* (C.A. 9, 1983), 706 F. 2d 902, 906-907 (no good cause for continuance); *United States* v. *Ford, supra,* at 742-743 (same), affirmed *sub nom. United States* v. *Mauro* (1978), 436 U.S. 340. See, also, *Felix* v. *United States* (D.C. App. 1986), 508 A. 2d 101, 108-109 (dictum).

In the instant case, trial was scheduled for April 21, 1987. Although the court may have been engaged in another criminal trial at that time, we are unable to determine from the record whether the defendant's trial could have been rescheduled to a date on or before May 14, 1987 to satisfy the one-hundred-twenty-day time limit of Article IV(c). On this record, we could not say that the trial court's continuance beyond the one-hundred-twenty-day limit in this case was reasonable for good cause shown.

The lower court concluded that even if defendant's trial did not commence within the time required by Article IV(c), the defendant was not

prejudiced by reason of the fact that his trial in case No. 53949 commenced four days later. While we are hard pressed to say that the defendant suffered any prejudice by reason of the four-day delay, the courts have held that the defendant need not demonstrate prejudice arising as a result of his delayed trial. See *Brown* v. *Wolff,* *supra,* at 906; *United States* v. *Ford,* *supra,* at 743-744. See, also, *People* v. *Higinbotham* (Colo. 1986), 712 P. 2d 993, 1000 (dictum). Article V(c) is mandatory in providing that if a trial is not commenced within the time period prescribed in Article IV, the court "*shall* enter an order dismissing the * * * [indictment] with prejudice * * *." (Emphasis added.) Accordingly, pursuant to Article V(c), the trial court in this case was required to dismiss the indictments when trial did not commence within the period of time allowed by Article IV(c) of the IAD.

For these reasons, the defendant's first assignment of error is well-taken, and the defendant is ordered discharged.

## II

Although the first assignment of error is dispositive of the issues in this appeal, we proceed to address defendant's second assignment of error, in compliance with App. R. 12(A). Defendant contends that the court erred in finding defendant guilty of trafficking in drugs in case No. 54156 due to a lack of proof that the controlled substance exceeded the bulk amount. This assignment of error lacks merit.

The defendant entered a plea of no contest to the indictment. A plea of no contest is an admission of the truth of the facts alleged in the indictment. See Crim. R. 11(B)(2). If the facts alleged in the indictment are sufficient to justify a conviction on the offense charged, then the court may accept the defendant's knowing and voluntary no contest plea. See *State* v. *Thorpe* (1983), 9 Ohio App. 3d 1, 9 OBR 1, 457 N.E. 2d 912.

In the instant case, the indictment in case No. 54156 charged that the defendant "unlawfully and purposely did sell or offer to sell a controlled substance, to-wit: Morphine Schedule II Drug, being an amount equal to or exceeding the bulk amount," in apparent violation of R.C. 2925.03(A)(5).[2] Since the indictment in this case alleged facts sufficient to support a conviction for R.C. 2925.03(A)(5), the trial court's acceptance of defendant's no contest plea required a guilty finding. *State* v. *Thorpe, supra.*

The second assignment of error lacks merit.

For the reasons expressed under the first assignment of error, the judgments in case Nos. 53949 and 54156 are reversed, and the defendant is ordered discharged.

*Judgments reversed.*

NAHRA, C.J., concurs.

MATIA, J., dissents.

---

[2] R.C. 2925.03(A) states:

"No person shall knowingly do any of the following:

"* * *

"(5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount[.] * * *"