The STATE of Ohio, Appellee,

v.

HOLT, Appellant.

[Cite as *State v. Holt* (1992), 83 Ohio App.3d 676.]

Court of Appeals of Ohio,
Miami County.

No. 92–CA–9.

Decided Nov. 16, 1992.

*Jeffrey M. Welbaum*, Miami County Prosecuting Attorney, and *Janie O. Skogstrom*, Assistant Prosecuting Attorney, for appellee.

*John E. Hemm*, and *Miami County Public Defender*, for appellant.

GRADY, Judge.

Defendant Danny Ray Holt appeals[a] from his convictions for having a weapon under disability and misuse of a credit card. He presents two assignments of error, which are discussed below. For the reasons stated we overrule the errors assigned and affirm the judgment of the trial court.

For his first assignment of error defendant-appellant Holt argues that the trial court erred in overruling his motion to dismiss for failure to comply with the requirements of the Interstate Agreement on Detainers Act, R.C. 2963.30.

On January 10, 1991, Jeffrey M. Welbaum, the Miami County Prosecuting Attorney, acting pursuant to R.C. 2963.30, Article IV, requested of the Warden of the United States Penitentiary at Leavenworth, Kansas, that the Warden give Welbaum temporary custody of Danny Ray Holt, an inmate of Leavenworth, to stand trial on criminal charges in Miami County on which Holt had been indicted and for which a detainer had issued. The Warden took the steps necessary to effect that temporary custody. Holt was returned to Miami County in August 1991, where he was arraigned on the pending charges on August 16. His case was assigned for trial October 1, 1991.

Defendant Holt subsequently moved to continue his trial for sixty days, reserving any objection to the state's failure to bring him to trial earlier. The motion was heard and granted on September 19, 1991.

On October 25, 1991, defendant Holt moved to dismiss the charges against him pursuant to R.C. 2963.30, Article V(c), arguing that he had not been brought to trial within the period provided by the statute. Defendant Holt did not rely on the provisions of Article IV, concerning a temporary custody transfer at the prosecutor's request, which requires that "trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state * * *." Holt relied instead on Article III of the statute, which concerns temporary custody transfers upon the request of a person serving a term of imprisonment from the penal institution to a jurisdiction in which criminal charges are pending, for which charges a detainer has been lodged against the prisoner. In that event, Article III(a) requires that he shall be brought to trial within one hundred and

eighty days after he causes to be served on the court in which the charges are pending and the prosecuting officer "written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint * * *." Section (b) of Article III further provides that the prisoner's notice and request must be sent first to the warden or other person having custody of him, who must then forward it to the appropriate prosecuting attorney and court.

In support of his motion to dismiss Holt offered a letter from his attorney to the Miami County Prosecutor. The letter was sent on August 13, 1990, after Holt had pleaded guilty to federal charges in Waco, Texas, but before he was sentenced for those offenses and commenced his imprisonment at Leavenworth. The letter states:

"Re: Danny Ray Holt

"Dear Jeff:

"This will confirm that you are going to extradite Danny Ray Holt from the State of Texas in order that he may receive a speedy trial on the charges you have pending.

"I do not have a case style or case number in order to file a request for a speedy trial and trust that you will treat this letter as such a request.

"It is my understanding that Mr. Holt has completed sentencing and is ready, willing and able to return as soon as you arrange transportation.

"At the present time I have not been retained for the purposes of representing him in the criminal trial in Miami County. He may need appointed counsel since the charges have resulted in his loss of employment. I will be disappointed if I do not get to represent Mr. Holt in this case since it certainly appears to be one which should result in a not guilty verdict. As a defense lawyer, I know that not many of those occur.

"Looking forward to seeing you.

"Yours truly,

"John A. Poppe"

The trial court denied Holt's motion to dismiss, finding that the letter was untimely in that it was sent prior to the time Holt entered the term of imprisonment from which he was temporarily transferred and that it did not substantially comply with the statutory requirements for a request and notice required by Article III. The court held that temporary transfer was effected, instead, upon the prosecutor's requests pursuant to Article IV, and that one hundred and twenty days from Holt's arrival in Ohio in August 1991, had not passed by the filing of his motion to dismiss on October 25, 1991.

■ Holt argues on appeal that the trial court erred and abused its discretion when it found that his attorney's letter of August 13, 1990 did not substantially comply with the notice and request requirements of Article III. He argues that the court erred in following the "strict view" of *State v. Reitz* (1984), 26 Ohio App.3d 1, 26 OBR 168, 498 N.E.2d 163, and that it should have followed the more liberal interpretations of *Daugherty v. Solicitor for Highland Cty.* (1971), 25 Ohio St.2d 192, 54 O.O.2d 300, 267 N.E.2d 431, and *State v. Ferguson* (1987), 41 Ohio App.3d 306, 535 N.E.2d 708. A review of these cases causes us to reject Holt's arguments.

*Daugherty* was an original action for a writ of mandamus ordering a county prosecutor to show cause why he should not dismiss an Ohio indictment filed seven years earlier against a federal prisoner. The federal prisoner had asked the prosecutor to bring him to trial or dismiss the indictment. The prosecutor would do neither. The Supreme Court allowed the writ, holding:

"Where an inmate in a penal institution has made a diligent, good-faith effort to call to the attention of the proper authorities in another state that he desires a charge pending against him in that state disposed of, by trial or dismissal, he is entitled to have such request acted upon. The failure of the authorities to do so constitutes the denial of a speedy trial. *Smith v. Hooey* (1969), 393 U.S. 374 [89 S.Ct. 575, 21 L.Ed.2d 607]." *Id.,* 25 Ohio St.2d at 193, 54 O.O.2d at 300, 267 N.E.2d at 432.

*Daugherty* construed the prisoner's rights to speedy trial, not his rights or remedies under R.C. 2963.30, the Interstate Agreement on Detainers Act. The two are not the same. See *State v. Taylor* (1988), 51 Ohio App.3d 173, 555 N.E.2d 649. Nevertheless, a failure to meet the applicable trial time requirements of R.C. 2963.30 requires the court to dismiss the charges on which a detainer has issued. *Id.*

*Reitz,* likewise, is of limited use to appellant. In that case the Court of Appeals for Summit County held that the one-hundred-and-eighty-day period in R.C. 2963.30, Article III, does not begin to run until the defendant files with the prosecutor and the court a proper request, accompanied by the certification from the official having custody of him. The court declined to find an attorney's motion to bring the defendant to trial satisfied the requirement, noting that compliance with the mandates of the statute is a necessary prerequisite to dismissal. The defendant did file the proper notice and request subsequently, but could not demonstrate failure to comply thereafter with the time limits of the statute. The court took the "strict view" that the time for trial begins to run when the notice, request, and certification are served on the prosecutor and court, not when the defendant filed his requests with the authorities of the institution in which he is imprisoned.

*Ferguson* is more pertinent to our inquiry. In that case the Court of Appeals for Franklin County arrived at a rule of "substantive compliance" with the notice and request requirements of Article III, stating:

"We believe the policy reasons for Ohio's enacting the IAD are the key to the approach which should be taken when courts review the sufficiency of an accused's compliance with the IAD. R.C. 2963.30, Article I, states that the IAD's purpose is to eliminate uncertainties which obstruct prisoner treatment and rehabilitation, to encourage the orderly and expeditious disposition of charges, and to provide cooperative procedures between the states. Article IX of the IAD also states that the IAD is intended to be liberally construed.

"Given the purpose and liberal policy of the IAD, we do not adopt a test which requires a defendant to strictly comply with Article III of the IAD. A more appropriate test, which adheres to the liberal policy of the IAD and the Ohio Supreme Court's reasoning in *Daugherty,* is a requirement that the accused substantially comply with Article III of the IAD." *Id.,* 41 Ohio App.3d at 310, 535 N.E.2d at 712–713.

■ We agree with the reasoning of *Ferguson.* In applying the rule, however, a court may not convert one form of matter to another, particularly when the evidence is clearly otherwise. That is the case here.

The letter from appellant's attorney to the Miami County Prosecutor dated August 13, 1990 was not first served on the Warden of the United States Penitentiary at Leavenworth, Kansas, and bore no certification from the Warden that Holt was imprisoned there, as required by Article III. Indeed, it could not; Holt had not yet been sentenced to that imprisonment when the letter was sent. Holt was later sentenced on October 11, 1990. A detainer on the Miami County charges was issued on November 21, 1990. Only after that date could any form of request by or on behalf of Holt meet the structural requirements of Article III.

Also, we cannot find that the content and substance of the attorney's letter was an Article III request by a prisoner for disposition of charges on which he was detained. The letter merely acknowledged the prosecutor's intention to seek temporary custody pursuant to Article IV. It was no form of request, demand, or petition from the prisoner, which is contemplated by Article III to invoke the rights conferred in that section. Therefore it cannot comply, even substantially, with its requirements.

■ The trial court correctly found that Holt was brought to the temporary custody of Miami County by operation of Article IV of the statute, which concerns a prosecutor's request for extradition. He was entitled to be brought to trial within one hundred and twenty days after his arrival in Ohio, or to dismissal of the charges thereafter.

The record does not state when Holt "arrived" in Ohio, though it does show that he was served with the indictment and brought to the Miami County Jail on August 14, 1991. Holt filed his motion to dismiss on October 25, 1991. It was denied on November 5, 1991. Holt's trial commenced January 17, 1992.

R.C. 2963.30, Article IV(c), provides that the one-hundred-twenty-day time limit for trial is tolled during any reasonable and necessary continuance granted for good cause shown, in open court, the prisoner or his counsel being present. A motion for continuance for a period of sixty days was filed by Holt's counsel on September 12, 1991. It expressly waived objection to any time requirements thereafter. The court heard the motion on September 19, 1991. The court's entry of that same date indicates that the defendant was in court and that the court explained the tolling effect of the motion to him. The motion was granted that same date, September 19, 1991.

The continuance was sought on counsel's representation that it was required for trial preparation, the case being several years old. The court presumably granted it for that reason.

The period from defendant Holt's arrival in Miami County on August 14, 1991 until his motion for continuance was granted spans thirty-six days. The period of continuance tolled the time for sixty days, until November 20, 1991. The period from November 21, 1991 until his trial commenced on January 17, 1992, spans forty-seven days. The total period from Holt's "arrival" until his trial, therefore, is eighty-three days. He was thus brought to trial well within the one-hundred-twenty-day time requirement. His motion to dismiss filed October 25, 1991 was premature.

Appellant's first assignment of error is overruled.

For his second assignment of error defendant Holt argues that the trial court abused its discretion in the sentences it imposed.

Holt was charged with seven offenses: kidnapping (R.C. 2905.01[A][2] ), aggravated robbery (R.C. 2911.01[A][1] ), two counts of rape (R.C. 2907.02[A][2] ), carrying a concealed weapon (R.C. 2923.12[A] ), having a weapon under disability (R.C. 2923.13[A][2] ), and misuse of a credit card (R.C. 2913.21[B][2] ). He was acquitted of all but the last two charges. He was sentenced to a term of from four to ten years for misuse of a credit card and from three to five years for having a weapon under disability. These are the maximum terms the court may impose for those offenses. Holt was also sentenced to serve three years' actual incarceration on a firearm specification to the weapon charges. The court ordered that the terms will be served consecutively to one another and consecutively to the federal sentence on which he is imprisoned. That sentence carried a

maximum remaining term of ninety-two months when Holt was sentenced for his Ohio offenses.

Appellant admits that the sentence is within the court's discretion, but argues that the court must have penalized him for the crimes of which he was acquitted by imposing a relatively severe form of sentence.

■ An abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

■ The discretion exercised by the trial court in imposing indeterminate sentences for felonies is governed by R.C. 2929.12 and the considerations expressed in the statute. Division (B)(1) of the statute provides that a finding that the offender "is a repeat or dangerous offender" "shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed."

The trial court expressly found in its sentencing entry that Holt is a "repeat offender" and a "dangerous offender," as those terms are defined in R.C. 2929.01(A) and (B). Holt has not challenged the finding.

The record demonstrates that the relatively longer term of imprisonment ordered by the court has a proper basis in relevant considerations expressed in the sentencing statute governing exercise of the court's discretion. We find no abuse of discretion.

Appellant's second assignment of error is overruled.

Having overruled all assignments of error, we will affirm the judgment of the trial court.

*Judgment affirmed.*

WILSON and WOLFF, JJ., concur.