Defendant-appellant, Eddie Schnitzler, appeals from his conviction in the Clermont County Court of Common Pleas for grand theft in violation of R.C. 2913.02(A)(1). We affirm.
On June 26, 1996, appellant was indicted by a Clermont County Grand Jury and charged with one count of grand theft. On February 10, 1997, appellant filed a "Request For Disposition" with the Clermont County Court of Common Pleas. A notation on the request indicates that a copy was also sent to the Clermont County Prosecutor. The request stated that appellant was being held at the Lawrenceburg County Jail in Indiana and requested final disposition of the grand theft charge that was pending in Clermont County. The request was made pursuant to R.C. 2963.30
which is Ohio's codification of the Interstate Agreement on Detainers ("IAD").
On February 11, 1997, the Clermont County Prosecutor sent a form entitled "Prosecutor's Acceptance of Temporary Custody Offered In Connection With A Prisoner's Request For Disposition Of A Detainer" to the Dearborn County Sheriff in Lawrenceburg, Indiana. The form stated that the Clermont County Prosecutor would accept temporary custody of appellant in order to bring him to trial within the time period specified in Article III(a) of the IAD.
On March 26, 1997, the Clermont County Prosecutor sent a form entitled "Request For Temporary Custody" to the superintendent of the Diagnostic Reception Center in Plainfield, Indiana. This form requested temporary custody of appellant pursuant to Article IV(a) of the IAD so appellant could be brought to trial for grand theft in Clermont County within the time period set forth in Article IV(c).
On June 3, 1997, the release coordinator of the Indiana Department of Corrections sent a letter to the Clermont County Prosecutor stating that the "Request For Temporary Custody" had been received. The letter stated that appellant was currently incarcerated at the Wabash Valley Correctional Institution in Carlisle, Indiana and requested that the Clermont County Prosecutor respond with the date when custody of appellant would be taken. The Clermont County Prosecutor responded that custody of appellant would be taken on July 2, 1997. However, because appellant was transferred to the custody of officials in Hamilton County, Ohio to resolve outstanding charges there, the Clermont County Prosecutor did not actually obtain custody of appellant until August 13, 1997.
On August 12, 1997, appellant filed a motion to dismiss. Appellant asserted that Clermont County failed to bring him to trial within one hundred eighty days after he filed his "Request For Disposition" as required by Article III of R.C. 2963.30. On September 10, 1997, the trial court issued a decision denying appellant's motion to dismiss. The trial court found that the "Request For Disposition" filed by appellant on February 10, 1997, failed to comply with the requirements set forth in Article III of R.C. 2963.30. Therefore, the trial court concluded that the one hundred eighty day time period in Article III of R.C.2963.30 was never triggered.
On November 26, 1997, appellant entered a plea of no contest to grand theft. On December 10, 1997, appellant filed a motion to be sentenced under the recently amended sentencing provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2"). However, since appellant's offense was committed prior to the effective date of Senate Bill 2, July 1, 1996, the trial court denied the motion and sentenced appellant according to the former sentencing provisions.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF MR. SCHNITZLER BY FAILING TO DISMISS THE INDICTMENT WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN ONE HUNDRED EIGHTY DAYS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT SENTENCING HIM TO A REDUCED PUNISHMENT ACCORDING TO OHIO'S NEW SENTENCING LAW ENACTED IN SENATE BILL 2.
In the first assignment of error, appellant asserts that the trial court erred by denying his motion to dismiss. Appellant argues that the "Request For Disposition" that he filed on February 10, 1997, substantially complied with the requirements set forth in Article III of the IAD, as codified in R.C. 2963.30. Appellant argues that, therefore, the one hundred eighty day time period in Article III was triggered on February 10, 1997, and expired on August 8, 1997.
Indiana and Ohio are parties to the IAD. See R.C. 2963.30; Ind. Code 35-33-10-4 (1988). Article I of the IAD provides "detainers based on untried indictments * * * and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." Accordingly, Article I provides that the purpose of the IAD is to encourage the expeditious and orderly disposition of charges that are outstanding against a person imprisoned in another state by outlining procedures to obtain custody of that person so that he can be brought to trial.
Article III of R.C. 2963.30 provides a procedure whereby a person imprisoned in one state requests the disposition of charges, for which a detainer has been lodged, that are pending in another state. Specifically, Article III of R.C. 2963.30
provides:
 (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment * * * on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment * * *. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.
 (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
The existence of a detainer is a prerequisite to the applicability of the IAD. State v. Wells (1994), 94 Ohio App.3d 48, 53, citing United States v. Mauro, 436 U.S. 340, 347-51,98 S.Ct. 1834, 1841-1842. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan (1993), 113 S.Ct. 1085, 1087,507 U.S. 43, 44. In addition, pursuant to Article III(a) of R.C.2963.30, Article III is only applicable where "a person has entered upon a term of imprisonment in a penal or correctional institution of a party state." Thus, where a person is being temporarily held in a county jail and has not yet entered a state correctional institution to begin a term of imprisonment, Article III cannot be invoked. See Crooker v. United States (C.A. 1, 1987), 814 F.2d 75; United States v. Glasgow (C.A. 6, 1985),790 F.2d 446, 448, citing United States v. Wilson (C.A. 10, 1983),719 F.2d 1491.
In the present case, our review of the record fails to reveal that a detainer that was filed by the Clermont County Prosecutor before appellant filed his "Request For Disposition" with the Clermont County Court of Common Pleas on February 10, 1997. Moreover, when appellant sent his "Request For Disposition," he was still being temporarily held at the Lawrenceburg County Jail and had not yet "entered upon a term of imprisonment" in an Indiana correctional institution. In fact, appellant did not enter upon a term of imprisonment until he started serving his sentence at the Wabash Valley Correctional Institution several months after he made his "Request For Disposition." Therefore, we find that appellant's "Request For Disposition" was premature, and the one hundred eighty day time period in Article III was never triggered. See State v. Holt (1992), 83 Ohio App.3d 676,681.
A review of the record also reveals that even if appellant had timely filed his "Request For Disposition," the trial court properly determined that appellant's request failed to satisfy the requirements set forth in Article III of R.C. 2963.30. Appellant argues that the one hundred eighty day period in Article III of R.C. 2963.30 was triggered because his request was in "substantial compliance" with the requirements set forth in Article III. In support of this argument, appellant cites a decision by the Supreme Court of Ohio, State v. Mourey (1992),64 Ohio St.3d 482. In Mourey, the Supreme Court of Ohio held that the time period in Article III of R.C. 2963.30 begins to run if a prisoner substantially complies with the requirements set forth in Article III(a) and (b) of R.C. 2963.30. Mourey at paragraph one of the syllabus. The Supreme Court of Ohio found that a prisoner substantially complies with the requirements of Article III(a) and (b) where he "causes to be delivered to the prison officials where incarcerated, appropriate notice or documentation requesting a disposition of the charges for which the detainer has been filed against him." Id. at paragraph two of the syllabus. The Supreme Court of Ohio reasoned that since the prisoner had done everything within his control when his IAD request was delivered to the prison officials, the one hundred eighty day period in Article III should commence at that point and not be tolled for delays that were attributable to prison officials or prosecutors. Id. at 487.
The United States Supreme Court issued a decision shortly after Mourey which held that the one hundred eighty day time period in Article III(a) of the IAD does not begin until a prisoner's request for disposition is actually delivered to the court and the prosecuting officer that lodged the detainer against him. See Fex v. Michigan (1993), 113 S.Ct. 1085, 1091, 507 U.S. 43, 52. Based upon the holding in Fex, we do not find appellant's "substantial compliance" argument persuasive. See State v. Wells (1996), 110 Ohio App.3d 275, 281.
Moreover, the record reveals that appellant's "Request For Disposition" failed to even substantially comply with the requirements of Article III(a) and (b). Unlike the prisoner in Mourey, appellant's request was never delivered to the officials who had custody of him as required by Article III(b). Thus, appellant's request, which preceded the Clermont County Prosecutor's detainer, did not contain the certification and the information from prison officials specified in Article III(a).[1] Accordingly, we find that appellant failed to comply, even substantially, with the requirements of Article III and the one hundred eighty day time period contained therein was never triggered. See Meyer v. Ohio (June 27, 1997), Ashtabula App. No. 96-A-0074, unreported.
The prosecution asserts that since appellant failed to properly invoke Article III of R.C. 2963.30, the transfer of appellant to stand trial in Clermont County was actually governed by Article IV of R.C. 2963.30 and subject to the time limitations contained therein. Whereas Article III involves a prisoner's request for disposition, Article IV applies where a prosecutor requests temporary custody of a prisoner in another state in order to bring the prisoner to trial for outstanding charges.[2] When a prosecutor initiates the return of a prisoner for trial under Article IV(a), Article IV(c) of R.C.2963.30 requires that the prisoner's trial shall be commenced within one hundred twenty days after a prisoner returns to a state for trial on the outstanding charges.[3]
In the present case, Article IV of R.C. 2963.30 was invoked by the "Request For Temporary Custody" sent by the Clermont County Prosecutor to prison officials in Indiana on March 26, 1997. Appellant filed his motion to dismiss on August 12, 1997. However, appellant did not return to Ohio and the Clermont County Prosecutor's custody until August 13, 1997. Thus, since appellant's motion to dismiss was filed before appellant even returned to Ohio to stand trial, dismissal was not warranted based upon the one hundred twenty day limitation contained in Article IV(c) of R.C. 2963.30. Accordingly, we conclude that the trial court did not err by denying appellant's motion to dismiss and his first assignment of error is overruled.
In the second assignment of error, appellant asserts that the trial court erred by refusing to sentence him in accordance with the amended sentencing provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2"). Appellant argues that since he was sentenced after the effective date of Senate Bill 2, July 1, 1996, R.C. 1.58 required the trial court to sentence him pursuant to Senate Bill 2.
The Supreme Court of Ohio recently resolved a conflict among Ohio's appellate courts and held that the sentencing provisions of Senate Bill 2 do not apply to a defendant who committed an offense prior to July 1, 1996, even if the defendant was sentenced on or after that date. See State v. Rush (1998),83 Ohio St.3d 53.
In the present case, appellant's offense was committed on May 22, 1996. Accordingly, the trial court properly determined that the sentencing provisions of Senate Bill 2 were not applicable and appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Appellant's premature filing of his request also appears to have caused his failure to comply with the certification requirement. Since appellant had not yet begun his term of imprisonment in an Indiana correctional institution when his request was made, it was not possible for him to obtain the necessary certification and information from an official of an Indiana correctional institution having custody of him.
[2] Article IV of R.C. 2963.60 provides:
 (a) The appropriate officer of the jurisdiction in which an untried indictment * * * is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated * * *.
[3] Article IV of R.C. 2960.30 provides:
 (c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.