[Cite as *State v. Jackson*, 2021-Ohio-1660.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109998 |
| v. | : | |
| JOHNNY L. JACKSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 13, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623745-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James Sean Gallagher, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant ("appellant") challenges the trial court's refusal to dismiss the charges against him after the state failed to bring him to trial within 180

days as required by the Interstate Agreement on Detainers ("IAD"). After a thorough review of the facts and the law, we reverse the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was indicted in the Cuyahoga County Court of Common Pleas on December 4, 2017, on charges of aggravated robbery, kidnapping, felonious assault, having weapons while under a disability, along with accompanying firearm specifications, and a capias was issued. At the time, appellant was incarcerated in Okaloosa County, Florida. Appellant signed a request for final disposition that was provided to the Okaloosa Correctional Institution on August 21, 2018, and filed in the Cuyahoga County Clerk of Courts on August 27, 2018.

{¶ 3} Appellant was arrested on September 17, 2019 and arraigned in the present case on September 19, 2019. Appellant moved to dismiss the charges against him, arguing that, under the IAD, the deadline to bring him to trial was February 23, 2019. The court held a hearing on the motion to dismiss and later denied the motion. Appellant then pled no contest to the indictment and was subsequently sentenced to nine years in prison.

{¶ 4} Appellant filed the instant appeal, asserting the following assignment of error for our review:

> The trial court erred in failing to dismiss Johnny Jackson's indictment due to the State of Ohio's failure to bring him to trial within 180 days as required by the Interstate Agreement on Detainers.

## II. Law and Analysis

{¶ 5} Appellant argues in his sole assignment of error that the trial court erred when it refused to dismiss the charges against him after the state failed to comply with the IAD.

{¶ 6} The IAD is a compact among 48 states, the District of Columbia, and the United States that establishes procedures whereby one jurisdiction may obtain the temporary custody of a prisoner who is incarcerated in another jurisdiction in order to bring the prisoner to trial. *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 3, citing *Cuyler v. Adams*, 449 U.S. 433, 435, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), fn. 1. Ohio entered the IAD in 1969, codified as R.C. 2963.30.

{¶ 7} The IAD serves to "encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints" and to provide "cooperative procedures" in order to facilitate interstate transfers. R.C. 2963.30; Meadows, *Interstate Agreement on Detainers and the Rights it Created*, 18 Akron L.Rev. 691, 695 (1985). The objective of the IAD is therefore two-fold: it minimizes interference with prisoner rehabilitation while providing a procedure for the implementation of a prisoner's speedy trial rights. *Black* at ¶ 7; *United States v. Palmer*, 574 F.2d 164, 167 (3d Cir.1978).

{¶ 8} The IAD is a remedial statute and "shall be liberally construed to effectuate its purposes." R.C. 2963.30, Art. IX. The United States Supreme Court has held that the legislative history of the IAD emphasizes that a primary purpose of

the IAD is the protection of prisoners against whom detainers have been lodged. *Cuyler* at 449. Despite its liberal construction, however, the agreement contains strict procedural requirements that must be followed. *State ex rel. Corbin v. Superior Court*, 155 Ariz. 365, 746 P.2d 937 (Ariz. App.1987), citing *Stroble v. Anderson*, 587 F.2d 830, 839 (6th Cir.1978).

{¶ 9} Article III of the IAD outlines the prisoner-initiated procedures and provides that where there are pending charges in another state on the basis of which a detainer has been lodged, the prisoner shall be brought to trial within 180 days after the prisoner's filing of a request for final disposition of the underlying charges of the detainer. R.C. 2963.30, Art. III(a).

{¶ 10} R.C. 2963.30, Article III(a) provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

{¶ 11} Article III(b) further requires the prisoner to provide written notice and request for final disposition to the warden, commissioner of corrections, or other official having custody of him, who is then required to promptly forward the prisoner's notice and request together with the certificate to the appropriate prosecuting attorney and court.

{¶ 12} "[T]he one-hundred-eighty-day time period set forth in R.C. 2963.30 * * * begins to run when a prisoner substantially complies with the requirements of the statute set forth in Article III(a) and (b) thereof." *State v. Mourey*, 64 Ohio St.3d 482, 486, 597 N.E.2d 101 (1992). In *Mourey*, the Supreme Court of Ohio determined that the defendant prisoner substantially complied with the statute when he filed his IAD form with the facility where he was being held. "Substantial compliance" requires the defendant to do "everything that could be reasonably expected." *State v. Ferguson*, 41 Ohio App.3d 306, 311, 535 N.E.2d 708 (1987).

{¶ 13} In *State v. Quinones*, 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793, ¶ 17 (8th Dist.), this court reaffirmed that substantial compliance with R.C. 2963.30 is the appropriate prism through which to view prisoners' actions to determine whether they properly avail themselves of the 180-day period. "The applicable standard of review requires us to "'independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case."'" *Id.* at ¶ 10, quoting *State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245, quoting *State v. Williams*, 94 Ohio App.3d 538, 641 N.E.2d 239 (8th Dist.1994).

{¶ 14} Appellant argues that he substantially complied with the IAD. He presented the notice of his incarceration in Florida and a request for a final disposition to the warden of the Okaloosa Correctional Institution on August 21, 2018. The Okaloosa Correctional Institution then sent the notice and request to the Cuyahoga County Prosecutor's Office. The request was filed with the clerk's office on August 27, 2018.

{¶ 15} The state contends that appellant's request did not substantially comply with the IAD because it was not companied by the appropriate certificate from the warden of the Okaloosa County Correctional Institution. The state argues that the 180-day time period does not begin to run until it receives the request for final disposition along with the appropriate certificate from the sending state. Moreover, the state asserts that it contacted the prison officials in Florida several times with no success in obtaining appellant and that it should not be precluded from prosecuting appellant due to lack of cooperation by the officials in Florida.

{¶ 16} The state further asserts that even if appellant did substantially comply with Article III of the IAD, he was not prejudiced and suffered no harm. Appellant was continuously in custody of either the state of Florida or the state of Ohio and was never released and then extradited; thus, the state argues that the intent of the IAD, to encourage expeditious resolution of outstanding cases, was not violated.

{¶ 17} The state does not dispute that appellant's request for final disposition was filed with the clerk's office on August 27, 2018. Although the state challenges

his request as not substantially complying with the statute due to the absence of the certificate, that was not the fault of appellant. In accordance with the statute, appellant had given written notice to prison officials having custody over him of his request for disposition. The form that appellant submitted, "Request for Disposition of Charges Pending in Another State or in a Federal Court Interstate Agreement on Detainers" specifically directs prisoners to fill out the form and "kite" it to the Central Records Office – Detainer Section. Appellant filled all of the information out in the form, including the address of the Cuyahoga County Prosecutor's Office. The form further states:

> After filling out this form, kite it to the Central Records Office – Detainer Section. (Keep a copy for yourself.) That office will contact the proper authorities. You should be notified and offered a trial under the Interstate Agreement on Detainers, if it is an untried indictment or complaint.

{¶ 18} Accordingly, once appellant submitted the request to the prison officials in Florida, there was nothing further for him to do. The Okaloosa Correctional Institution clearly sent the request to Ohio, as evidenced by the filing with the clerk's office. The failure of the correctional facility to also provide the certificate in compliance with Article III(a) and (b) was not the fault of appellant—he did everything that could be reasonably expected.

{¶ 19} We therefore find that appellant substantially complied with the provisions of the IAD on or about August 27, 2018, when the request was filed with the clerk's office. The state then had 180 days from that date to bring defendant to trial. Appellant was not even returned to Ohio and arraigned until September 19,

2019, well after the deadline. Consequently, since the state failed to bring appellant to trial within the 180-day limit, the charges against him should have been dismissed.

{¶ 20} The state attempts to make a final argument that, even if appellant did substantially comply, he was not prejudiced by the delay in bringing him to trial. However, we have previously noted that a defendant need not demonstrate prejudice arising as a result of his delayed trial. *State v. Taylor,* 51 Ohio App.3d 173, 178, 555 N.E.2d 649 (8th Dist.1988), citing *Brown v. Wolff,* 706 F.2d 902, 906 (9th Cir.1983); *United States v. Ford,* 550 F.2d 732, 743-744 (2d Cir.1977); *People v. Higinbotham,* 712 P. 2d 993, 1000 (Colo. 1986) (dictum). Article V(c) is mandatory in providing that if a trial is not commenced within the time period prescribed in Article IV, the court "*shall* enter an order dismissing the * * * [indictment] with prejudice * * *." (Emphasis added.)

{¶ 21} Accordingly, pursuant to Article V(c), the trial court in this case was required to dismiss the indictment when trial did not commence within the period of time allowed by Article IV(c) of the IAD. Appellant's assignment of error is therefore sustained, and the judgment of the trial court is reversed.

### III. Conclusion

{¶ 22} Appellant substantially complied with the provisions of the IAD and was required to be brought to trial within 180 days of August 27, 2018. Because his trial was not commenced within this time period, the trial court erred in denying his

motion to dismiss.  Appellant's sole assignment of error is sustained, the judgment of the trial court is reversed, and appellant is ordered discharged.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN T. GALLAGHER, J., CONCUR