**The STATE of Ohio, Appellee,**

v.

**McCALL, Appellant.**

[Cite as *State v. McCall,* 152 Ohio App.3d 377, 2003-Ohio-1603.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99–CA–283.

Decided March 26, 2003.

</div>

378

Paul J. Gains, Mahoning County Prosecuting Attorney, and Janice T. O'Halloran, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, Ohio Public Defender's Office, for appellant.

---

GENE DONOFRIO, Judge.

{¶ 1}  Defendant-appellant, Joseph McCall, appeals from the judgments of the Mahoning County Common Pleas Court overruling his motion to dismiss, convicting him of carrying concealed weapons and burglary, and the sentence that followed.

{¶ 2}  Appellant was arrested on December 18, 1998.  A Mahoning County Grand Jury indicted appellant on charges of aggravated burglary, with a firearm specification, and carrying concealed weapons.  Appellant has been incarcerated since his arrest because he was unable to post bond.  The court originally scheduled appellant's trial for March 17, 1999.  However, due to many continuances, the case did not proceed for several months.  Appellant filed a motion to dismiss for speedy-trial violations.  The court overruled this motion.

{¶ 3}  On October 18, 1999, appellant and plaintiff-appellee, the state of Ohio, entered into a plea agreement.  Pursuant to the agreement, appellee amended the charge of aggravated burglary to burglary and dismissed the firearm specification.  Appellant then entered a plea of no contest to carrying concealed weapons and burglary.  The trial court sentenced him to 18 months for carrying concealed weapons and five years for burglary to be served concurrently.

{¶ 4}  Appellant filed his timely notice of appeal on October 19, 1999.  This court dismissed his appeal on August 21, 2001, for want of timely prosecution. On January 3, 2002, appellant filed a motion to reinstate his appeal, which we denied on March 6, 2002.  However, on June 28, 2002, we vacated the dismissal entry and reopened appellant's appeal, appointing as counsel the Ohio Public Defender.

{¶ 5}  Appellant now raises two assignments of error, the first of which states:

{¶ 6}  "The trial court erred by denying Mr. McCall's motion to dismiss for a violation of his right to a speedy trial."

{¶ 7}  Appellant argues that the trial court denied him a speedy trial.  He notes that the court did not schedule his trial until the 89th day in the 90–day

speedy-trial limit. He contends that the court should have planned its docket better to avoid the conflict with his case and a capital murder case, which caused the court to reschedule his trial. Appellant claims that his motion to dismiss presented a prima facie case of a speedy-trial violation, which shifted the burden to appellee to show that the time extension was within statutory limits. Appellant argues that appellee failed to demonstrate that the court complied with the speedy-trial limits. Appellant especially takes issue with the fact that the trial court continued his trial because it was involved in civil trials. He asserts that this conduct violated R.C. 2938.03, R.C. 2945.02, and Sup.R. 41(B)(1), because criminal cases must take priority over civil cases.

{¶ 8} This court previously set out our standard of review for speedy-trial issues in *State v. High* (2001), 143 Ohio App.3d 232, 757 N.E.2d 1176. We stated:

{¶ 9} "Our standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. However, we must independently review whether the trial court properly applied the law to the facts of the case. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state." (Internal citations omitted.) Id. at 241–242, 757 N.E.2d 1176.

{¶ 10} R.C. 2945.71(C)(2) requires that anyone charged with a felony be brought to trial within 270 days of arrest. If the accused is held in jail pending trial, each day counts as three days, thereby reducing the speedy-trial time to 90 days. R.C. 2945.71(E). Appellant was arrested and incarcerated on December 18, 1998. He remained in jail awaiting his trial; thus, the 90–day time limit applied to him. We are not to count the day of arrest when computing the time within which a defendant must be brought to trial. *State v. Lautenslager* (1996), 112 Ohio App.3d 108, 110, 677 N.E.2d 1263; R.C. 2945.71; Crim.R. 45(A). Therefore, appellant's 90th day was March 18, 1999.

{¶ 11} The timeline of what occurred is as follows.

{¶ 12} The trial court scheduled appellant's trial for March 17, 1999 (the 89th day). On March 17, 1999, the court continued appellant's case because it was engaged in the case of *State v. Scott Group*. On March 18, 1999, the court scheduled appellant's trial for April 21, 1999.

{¶ 13}   On April 20, 1999, the court called the case for a status hearing.  The court rescheduled appellant's trial for May 5, 1999, because it was then involved in the mitigation phase of *State v. Group*.

{¶ 14}   On May 4, 1999, appellant filed a motion to dismiss alleging that the court violated his speedy trial rights.

{¶ 15}   On May 5, 1999, the court once again continued appellant's trial until May 12, 1999, due to unavailability of the court trying case No. 97 CV 2345.

{¶ 16}   On May 7, 1999, appellant's counsel waived appellant's speedy trial rights because he was still preparing for the trial.  He did so without appellant's consent.   Counsel requested that the court schedule appellant's trial for July 1999.   Counsel also requested that the court continue the trial set for May 12, 1999, noting his conflict with previously scheduled murder cases.  The trial court granted the continuance and reset the trial for the first available trial date of May 26, 1999.

{¶ 17}   On May 26, 1999, the court continued the trial due to the unavailability of the court, trying case No. 97 CV 2741.  It reset the trial for June 2, 1999.

{¶ 18}   On June 2, 1999, the court again ordered the case continued because it was unavailable, trying case No. 97 CV 2419.  It reset the trial for August 11, 1999.

{¶ 19}   On August 10, 1999, appellant's counsel requested to withdraw due to irreconcilable differences and appellant's having filed a complaint against him. The court granted counsel's request, appointed new counsel, and rescheduled the trial for October 6, 1999.

{¶ 20}   On October 6, 1999, the court granted a joint motion to continue the trial until October 13, 1999.

{¶ 21}   On October 13, 1999, the court held a hearing on appellant's motion to dismiss for lack of a speedy trial and overruled the motion.

{¶ 22}   On October 18, 1999, the parties entered into the plea agreement.

{¶ 23}   The time within which an accused must be brought to trial may be extended for any of several statutory reasons.  R.C. 2945.72.  One of the reasons for an extension is for a period of a reasonable continuance.  R.C. 2945.72(H).  A court may continue a trial when the court is involved in another trial, thus tolling the running of the speedy trial time.  *State v. Jones* (1997), 119 Ohio App.3d 59, 694 N.E.2d 505; *State v. Hudson* (1983), 10 Ohio App.3d 52, 10 OBR 62, 460 N.E.2d 668.

{¶ 24}   In this case, appellant's trial was originally set for March 17, 1999.  On that date, the court continued the trial stating in its journal entry that it was

engaged in the case of *State v. Group,* a capital murder case. The court reset appellant's trial for April 21, 1999 (35 days later). Such a continuance was reasonable. On April 20, 1999, the court called appellant's case for a status hearing. The court continued the trial once again because it was still involved in *State v. Group,* this time with the mitigation phase. The court reset appellant's trial for May 5, 1999 (14 days later). Again, this continuance was reasonable, considering the court was still engaged in a capital murder case.

{¶ 25} On May 4, 1999, appellant filed a motion to dismiss for speedy-trial violations. A motion to dismiss tolls the running of speedy-trial rights. *State v. Caudill* (Dec. 2, 1998), 3d Dist. No. 05–97–35, 1998 WL 833729; *State v. Broughton* (1991), 62 Ohio St.3d 253, 262, 581 N.E.2d 541.

{¶ 26} On May 5, 1999, the court again continued appellant's trial setting it for May 12, 1999 (seven days later). This time the court was involved in trying a civil case.

{¶ 27} On May 7, 1999, appellant's counsel waived his speedy trial rights without his consent. " 'A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.' " *State v. Tyndall* (Nov. 30, 2001), 2d Dist. No. 2000 CA 120, 2001 WL 1517412, quoting *State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593, syllabus. Since appellant's consent was not required, his counsel effectively waived his speedy-trial rights.

{¶ 28} Additionally, appellant's counsel requested that the court continue the May 12, 1999 trial date because it was already scheduled for another criminal trial that day. Counsel requested that the court set the trial for some time in July 1999. The court granted the requested continuance. The period of any continuance granted on the accused's own motion tolls the speedy trial time. R.C. 2945.72(H).

{¶ 29} Since appellant's counsel requested the continuance, the waiver of his speedy-trial rights was unnecessary, as the continuance tolled the speedy-trial time. Given the continuance and/or waiver, it was not unreasonable for the court to continue appellant's trial two more times until August 11, 1999.

{¶ 30} Appellant takes issue with the fact that the trial court continued his case because it was involved in trying civil cases. R.C. 2945.02 provides, "[C]riminal cases shall be given precedence over civil matters and proceedings." See, also, Crim.R. 50; Sup.R. 41(B). The trial court continued appellant's trial three times for a total of over two months, citing as its reason its involvement in three separate civil trials. This court previously allowed a trial court's sua sponte continuances because the court was engaged in a civil jury trial. *State v. Smith*

(Dec. 30, 1999), 7th Dist. No. 97–CA–37, 1999 WL 1279156. We noted that the continuances in *Smith* occurred after the defendant executed his waiver of speedy trial. In the present case, given the fact that the court ordered the first continuance the day after appellant's motion to dismiss and the other two continuances after appellant's waiver and motion for a continuance, the court's continuances were reasonable.

{¶ 31} On August 10, 1999, appellant's counsel withdrew with the court's permission due to appellant's having filed a complaint against him. The court appointed appellant new counsel and rescheduled his trial for October 6, 1999. Speedy–trial rights are tolled for any "period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law." R.C. 2945.72(C).

{¶ 32} When the October 6, 1999 trial date arrived, the court granted a joint motion for a continuance. Again, appellant cannot challenge this time period because the continuance was a result of a joint motion.

{¶ 33} The court held a hearing on October 13, 1999, and overruled appellant's motion to dismiss. It stated that it was prepared to begin trial that afternoon. Counsel then had an off-the-record discussion. The next event that occurred was appellant's no contest plea as a result of the plea agreement.

{¶ 34} Given the above analysis, the court did not violate appellant's speedy trial rights. Accordingly, appellant's first assignment of error is without merit.

{¶ 35} Appellant's second assignment of error states:

{¶ 36} "The trial court erred by sentencing Mr. McCall to the maximum five-year prison term for burglary."

{¶ 37} Appellant argues that the trial court failed to make the findings necessary to sentence him to the maximum sentence for burglary. He contends that the court did not comply with R.C. 2929.19(B)(2), which provides that before a court can impose the maximum sentence, it must make a finding that gives its reasons. Appellant further argues that at the sentencing hearing, the court failed to find that he committed the worst form of the offense or that he posed the greatest likelihood of recidivism. Appellant admits that the court made findings in its judgment entry but argues that the court must make the findings from the bench at the sentencing hearing because it seems the judgment entry is an "after-the-fact creation of findings and reasons," quoting *State v. Riggs* (Oct. 11, 2000), 9th Dist. No. 19846, 2000 WL 1507914. Additionally, appellant argues that the record does not support the court's finding that he poses the greatest likelihood of recidivism.

{¶ 38}  The court found appellant guilty of carrying concealed weapons in violation of R.C. 2923.12(A)(D), a fourth degree felony.  The potential prison terms for a fourth degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.  R.C. 2929.14(A)(4).  The court also found appellant guilty of burglary in violation of R.C. 2911.12(A)(3)(c), a third degree felony.  The possible prison terms for a third degree felony are one, two, three, four, or five years.  R.C. 2929.14(A)(3).

{¶ 39}  In the present case, the trial court sentenced appellant to 18 months' incarceration for his carrying-concealed-weapons conviction and five years for his burglary conviction, to be served concurrently.  Both sentences were the maximum sentences permitted by R.C. 2929.14(A).

{¶ 40}  When sentencing an offender for a felony, the court shall be guided by the overriding purposes of felony sentencing.  R.C. 2929.11(A).  "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  R.C. 2929.11(A).  The court must also consider certain seriousness and recidivism factors as set out in R.C. 2929.12.  R.C. 2929.12(A).

{¶ 41}  In this case, the court specifically stated in its judgment entry that it considered the principles and purposes of sentencing under R.C. 2929.11 and that it balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶ 42}  Additionally, in order to impose a non-minimum prison term upon an offender who has never served a prison term, the trial court must make one of two findings.  It must find on the record "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."  R.C. 2929.14(B)(2).

{¶ 43}  It is not clear in the present case whether appellant previously served a prison term.  At the sentencing hearing, appellant's counsel informed the court that appellant had a prior felony conviction for which "he served his time."  There is no other mention of appellant's past criminal history.  However, even if appellant had never served a prison term, the court made the necessary finding in its judgment entry to satisfy R.C. 2929.14(B).  The court specifically found, "pursuant to R.C. 2929.14(B), that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term."  Thus, the court complied with R.C. 2929.14(B).

{¶ 44} When sentencing an offender to the maximum sentence, the court must make certain additional findings and state its reasons for imposing such a sentence. First, "[t]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." R.C. 2929.14(C). In the present case, the court specifically stated in its judgment entry, "The Court finds that Defendant poses the greatest likelihood of recidivism * * *." This finding complies with R.C. 2929.14(C).

{¶ 45} Second, in addition to the other findings, the court is required to make a finding that gives its reasons for selecting the maximum sentence "[i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code * * *." R.C. 2929.19(B)(2)(e).

{¶ 46} While the court made the necessary finding in its judgment entry to impose the five-year maximum sentence ("Defendant poses the greatest likelihood of recidivism"), it failed to state its reasons for doing so in either the judgment entry or at the sentencing hearing. While the sentencing transcript contains facts that may support the maximum sentence, the trial court did not state that those facts were its reasons for imposing the maximum sentence, nor did it refer to the requirements for imposing the maximum sentence at the sentencing hearing. The relevant excerpt from the sentencing transcript is as follows:

{¶ 47} "The Court is going to sentence—find that the facts in this case, as the indictment indicates, and there was a stipulation to the facts, that this was a burglary with a firearm to an elderly woman's home, and the effect that it has caused her and her emotional distress, that you be sentenced to 18 months on Count One, five years on the amended Count Two."

{¶ 48} The court also stated that it considered the victim-impact statement. In her statement, the victim stated that appellant caused her fear, mental anguish, extra finances, and caused her to move from her home to a new house.

{¶ 49} Appellee argues that the facts set out by the court at the sentencing hearing support the finding in R.C. 2929.14(C) that appellant committed the worst form of the offense. Appellee overlooks the fact that the trial court never found that appellant committed the worst form of the offense. R.C. 2929.14(C) requires the court to find that the offender either committed the worst form of the offense or poses the greatest likelihood of committing future crimes. In its judgment entry, the court found only that appellant posed the greatest likelihood

for recidivism. The court did not find that appellant committed the worst form of the offense. Although there are factors in the record that may support the notion that appellant committed the worst form of the offense, these factors should not be a substitute for the findings required by R.C. 2929.19(B)(2) and 2929.14(C). Thus, either the court's reasons for imposing the maximum sentence should have supported its finding that appellant posed the greatest likelihood for recidivism, or the court should have made a finding that appellant committed the worst form of the offense. The court did not comply with either of these alternatives.

{¶ 50} Given the above analysis, appellant's sentence is contrary to law.

{¶ 51} Appellant also argues the court erred in not making the required findings from the bench at the sentencing hearing. The issue of whether the court was required to do so is currently pending before the Ohio Supreme Court. On May 29, 2002, the Ohio Supreme Court determined that it would decide the certified question:

{¶ 52} "When a trial court sentences an individual to non-minimum, consecutive or maximum sentences, must the trial court make the requisite findings from the bench at the sentencing hearing or is it sufficient to make the findings for the first time in the sentencing entry?" *State v. Comer* (2002), 95 Ohio St.3d 1472, 768 N.E.2d 1181.

{¶ 53} Since the issue will soon be resolved by the Supreme Court, on remand, the trial court should make any required findings both at the sentencing hearing and in its judgment entry so as to comply with the Supreme Court's decision regardless of how it determines the issue.

{¶ 54} Accordingly, appellant's second assignment of error has merit.

{¶ 55} For the reasons stated above, appellant's convictions are affirmed. Appellant's sentence is hereby vacated, and the case is remanded for resentencing.

Judgment accordingly.

VUKOVICH and DEGENARO, JJ., concur.