DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment that dismissed charges against Daniel T. Fristoe, defendant below and appellee herein, due to a statutory speedy trial right violation. The State of Ohio, plaintiff below and appellant herein, assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT ERRED WHEN IT FAILED TO TOLL THE SPEEDY TRIAL CALCULATION DURING THE TIME BETWEEN WHEN APPELLEE ASKED FOR DISCOVERY AND THE STATE OF OHIO PROVIDED SUCH DISCOVERY."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO TOLL THE SPEEDY TRIAL CALCULATION DURING THE TIME BETWEEN WHEN APPELLEE WAS COURT-ORDERED TO RESPOND TO THE STATES'S REQUEST FOR RECIPROCAL DISCOVERY AND THE APPELLEE'S MOTION TO DISMISS, SINCE NO SUCH DISCOVERY WAS EVER PROVIDED."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO TOLL THE SPEEDY TRIAL CALCULATION UPON APPELLEE'S MOTION TO DISMISS."[2]
 {¶ 2} The facts in this case are relatively undisputed. Appellee was arrested and incarcerated on May 1, 2007. On May 25, 2007, the Adams County Grand Jury returned an indictment charging him with possession of chemicals used in the manufacture of drugs and the improper handling of a firearm in a motor vehicle. He pled not guilty to both charges.
 {¶ 3} On May 30, 2007, appellant filed a request for discovery and a bill of particulars. Appellant responded to both on June 26, 2007, and also requested reciprocal discovery pursuant to Crim.R. 16. We find no indication in the record that appellee complied with that request.
 {¶ 4} On August 1, 2007, appellee filed a motion to dismiss the case on *Page 3 
grounds of a statutory speedy trial violation. Appellant apparently did not respond and, on August 21, 2007, the trial court granted the motion. In so doing, the court expressly noted that appellant "failed to file a response." This appeal followed.
 {¶ 5} For ease of discussion, we jointly consider all three assignments of error wherein appellant contends that the trial court erred in its speedy trial calculations.
 {¶ 6} R.C. 2945.71(C)(2) mandates that a person against whom a felony charge is pending must be brought to trial within two hundred and seventy days. Each day spent in jail solely on the pending charge is counted as three days. Id. at (E). If a person is not brought to trial within the statutory time frame, that person must be discharged upon motion made at or before the start of trial. See R.C. 2945.73(B).
 {¶ 7} It is undisputed that appellee was arrested and incarcerated on May 1, 2007. Accordingly, in the absence of any event that would toll running of the speedy trial time, appellee should have been brought to trial by July 30, 2007.
 {¶ 8} Appellant argues that the speedy trial time was tolled because a delay instituted on behalf of the accused tolls the running of the statute. See R.C. 2945.72(E). In State v. Brown, 98 Ohio St.3d 121,781 N.E.2d 159, 2002-Ohio-7040, at the syllabus, the Ohio Supreme Court held that an accused's request for a bill of particulars is such a proceeding for purposes of that statute. Thus, when appellee filed his May 30, 2007 request for a bill of particulars, speedy trial time tolled until appellant responded on June 26, 2007. This exchange added several weeks to the aforementioned July 30th speedy trial deadline.
 {¶ 9} Appellant further argues that the time again tolled, pursuant to the Ohio Supreme Court's holding in State v. Palmer, 112 Ohio St.3d 457,860 N.E.2d 1011, 2007-Ohio-374, because appellee failed to respond to a request for reciprocal *Page 4 
discovery. In Palmer the Ohio Supreme Court held that such failure tolls the statute's operation for a "reasonable time." Id. Here, the trial court did not determine, under the particular circumstances of this case, what constituted a "reasonable time" to respond to appellant's discovery request. However, we need not consider that issue because appellee filed his motion to dismiss on August 1, 2007, two days after his time would have expired without any tolling. Thus, not only was the speedy trial deadline extended by virtue of the time it took to respond to his request for a bill of particulars, it was again tolled by virtue of the filing of his motion to dismiss. See State v. McCall,152 Ohio App.3d 377, 787 N.E.2d 1241, 2003-Ohio-1603, at ¶ 25; State v.Radabaugh, Jackson App. No. 06CA2, 2007-Ohio-153, at ¶ 13. Thus, we do not believe that the two hundred seventy day deadline expired.
 {¶ 10} Appellee does not dispute the tolling events, but argues that appellant did not bother to respond to his motion. Thus, appellee contends, appellant waived these issues. We disagree. Although we do not condone appellant's failure to respond, its assignments of error assert that the trial court erred in calculating the speedy trial time. Obviously, those errors did not occur until the court issued its ruling and, thus, could not have been waived by the failure to file an opposing memorandum.
 {¶ 11} In addition, we note that in this type of situation we review a trial court's application of the law to the facts de novo. State v.Webb, Washington App. No. 01CA32, 2002-Ohio-3552, at ¶ 18; State v.Jennings (Aug. 31, 2001), Pike App. No. 00CA654. Here, because the factual circumstances tolling the speedy trial time are undisputed, we simply apply applicable case law to those facts.
 {¶ 12} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's first and third assignments of error, reverse the trial court's judgment and *Page 5 
remand the case for further proceedings. Appellant's second assignment of error is moot and will be disregarded. App.R. 12(A)(1)(c).
[2] Appellant neglected to include in its brief a separate statement of assignments of error, as required by App.R. 16(A)(3). Therefore, we have taken these from scattered portions of its argument.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.