{¶ 1} Appellant Alex E. Hergenroder alleges that the trial court should have dismissed the criminal complaint against him on statutory speedy trial grounds. Appellant was convicted of one count of robbery in the Columbiana County Court of Common Pleas. Appellant admits that trial in this case was postponed due to a crowded court docket, but contends this reason is not sufficient to justify extending the matter beyond the try-by date pursuant to R.C. 2945.71. The record does not indicate that Appellant filed a motion to dismiss on speedy trial grounds. Therefore, any speedy trial error is waived on appeal. Even if the issue had not been waived, reasonable delays due to overcrowded dockets constitute an exception to the speedy trial timetable in R.C. 2945.71. The trial court fully explained the reasons for setting the trial beyond the statutory speedy trial date, and the judgment of the trial court is affirmed.
 BACKGROUND OF THE CASE {¶ 2} On November 18, 2006, a robbery complaint was filed against Appellant in Columbiana County Municipal Court. Appellant was arrested on November 30, 2006. Bond was set at $100,000, but Appellant did not post bond. Appellant waived his right to a preliminary hearing, and an indictment on one count of robbery, R.C. 2911.02(A)(2), a second degree felony, was issued on December 21, 2006.
 {¶ 3} On January 26, 2007, Appellant appeared for arraignment and entered a plea of not guilty. Jury trial was scheduled for February 21, 2007. *Page 3 
 {¶ 4} On February 6, 2007, Appellant filed a request for discovery, to which the state responded on February 12, 2007.
 {¶ 5} On February 20, 2007, the court held a final pretrial status conference. At the hearing, Appellant's attorney indicated that he thought Appellant and the prosecutor had worked out a plea agreement, but at the last minute Appellant decided he wanted to take the case to trial. The court indicated that it could not hear the case on the scheduled trial date because of scheduling conflicts and limited use of courtroom space during the court renovation process, and the trial date was moved to March 7, 2007. Appellant's counsel argued that the statutory try-by date was February 27, 2007. The court explained again that there were other cases pending with concerns about speedy trial issues, and that the courtroom was only available two days per week during the renovation. The court indicated that Appellant's case would be given preference over three other cases with similar speedy trial problems. The court's judgment entry of February 21, 2007, reflects that the court could not hear the case prior to the try-by date of February 27, 2007, due to scheduling problems during renovation, and the trial was continued to March 7, 2007.
 {¶ 6} On March 6, 2007, Appellant entered into a Crim. R. 11 plea agreement, pleading no contest to the single count in the indictment. The court accepted the plea that same day, and sentencing was scheduled for May 8, 2007. The court filed its sentencing entry on May 9, 2007. The court sentenced Appellant to two years in prison. This timely appeal was filed on June 6, 2007.
 ASSIGNMENT OF ERROR *Page 4 {¶ 7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR WANT OF SPEEDY TRIAL BY SETTING THE TRIAL DATE BEYOND THE TIME WHICH THE TRIAL MUST BE HELD."
 {¶ 8} Appellant argues that a person charged with a second degree felony must be tried within 270 days from arrest, pursuant to R.C. 2945.71(C)(2). Appellant states that each day a defendant is held in jail in lieu of bond is counted as three days for speedy trial purposes. R.C. 2945.71(E). Appellant also states that, according to R.C. 2945.73(B), a defendant shall be discharged if he is not brought to trial within the time required by R.C. 2945.71. Although Appellant acknowledges that there are exceptions that may extend that statutory speedy trial time, he does not consider a crowded court docket to be a sufficient reason to schedule trial beyond the statutory try-by date.
 {¶ 9} On review in statutory speedy trial cases, we count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. State v. High (2001),143 Ohio App.3d 232, 241-242, 757 N.E.2d 1176. The date of arrest is not counted in the calculation. State v. Lautenslager (1996),112 Ohio App.3d 108, 110, 677 N.E.2d 1263. A review of a trial court's decision regarding a motion to dismiss based upon statutory speedy trial grounds involves a mixed question of law and fact. State v. McCall,152 Ohio App.3d 377, 2003-Ohio-1603, 787 N.E.2d 1241, ¶ 9. Deference is given to the trial court's findings of fact, but the appellate court independently reviews whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues *Page 5 
regarding a statutory speedy trial case, the statutes are strictly construed against the state. Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 10} Before proceeding to the state's argument, we note that Appellant did not actually file any motion to dismiss the robbery charge on speedy trial grounds. Appellant raised only an oral objection, prior to the try-by date, to rescheduling the trial beyond the try-by date. Appellant contends that the date by which his trial had to occur was February 27, 2007. The state argues that the statutory try-by date is February 28, 2007. Since the date of arrest is not counted in the calculation, the state's determination of the try-by date is correct. Appellant's counsel raised his concern on February 20, 2007, a full week before this date. Since Appellant raised the matter prior to the expiration of the statutory speedy trial time, there was no basis at the time for dismissing the robbery charge, and in fact, the record does not reflect that Appellant asked for the charge to be dismissed at the February 20, 2007, hearing. Appellant's counsel simply asked that the trial date not be rescheduled to March 7, 2007.
 {¶ 11} Since Appellant never filed a motion to dismiss on speedy trial grounds, the prosecutor did not have an opportunity to defend against such a motion. Furthermore, Appellant did not present a prima facie case of a statutory speedy trial violation on February 20, 2007, because the speedy trial clock had not yet run on that date. A prima facie case for discharge is made when the defendant shows that 270 days (taking into account the 3-for-1 provision of R.C. 2945.71(E)) have expired since arrest. State v. Geraldo (1983), 13 Ohio App.3d 27, 28, 468 N.E.2d 328. Appellant's *Page 6 
oral motion on February 20, 2007, was premature and did not present a prima facie case for discharge even if counsel had asked for such a discharge.
 {¶ 12} The state is placed in a somewhat awkward position in defending this appeal because the speedy trial issue was never actually raised and reviewed at the trial level, except on a somewhat hypothetical basis. The prosecutor was not presented on February 20, 2007, with a motion to dismiss and therefore had no burden to defend against such a motion. This appeal provides the state's first actual opportunity to present arguments and defend against Appellant's claim that the robbery charge should be dismissed on speedy trial grounds.
 {¶ 13} Appellant's failure to file an appropriately timed motion to dismiss on speedy trial grounds constitutes a waiver of the issue on appeal. State v. Trummer (1996), 114 Ohio App.3d 456, 470-471,683 N.E.2d 392 (Seventh District Court of Appeals); State v. Turner (2006),168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21.
 {¶ 14} Even if Appellant had not waived the issue for purposes of appeal, it is clear from the record that there was no speedy trial violation. The speedy trial time was tolled from February 6, 2007, until February 12, 2007, based on Appellant's request for a bill of particulars and for discovery. R.C. 2945.72(E) provides that the time for bringing an accused to trial may be extended by, "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" The filing of a motion for bill of particulars and discovery generally tolls the speedy trial clock. State v. Love, 7th Dist. No. 02 CA 245,2006-Ohio-1762, ¶ 135. This would have the effect of extending the try-by date *Page 7 
to March 6, 2007; the day that Appellant entered into his Crim. R. 11 plea agreement. Because the plea agreement itself also tolled the speedy trial clock, we are not persuaded that any speedy trial error occurred.
 {¶ 15} Furthermore, the trial court's scheduling conflict constituted a reasonable delay pursuant to R.C. 2945.72(H), which extends the speedy trial time for, "the period of any reasonable continuance granted other than upon the accused's own motion[.]" The court must journalize the reason for any such reasonable delay. State v. Mincy (1982),2 Ohio St.3d 6, 441 N.E.2d 571. The transcript of the February 20, 2007, status conference, and the court's subsequent journal entry, clearly indicate that trial was briefly delayed due to scheduling conflicts with other pending criminal cases, based in part on the limited availability of courtroom space due to courthouse renovations.
 {¶ 16} Based on Appellant's failure to actually file a motion to dismiss on speedy trial grounds, and based on the absence of any evidence of a speedy trial violation in the record, we overrule Appellant's assignment of error. No statutory speedy trial violation occurred in this case and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1