[Cite as *State v. Martin*, 2011-Ohio-6537.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 CO 43 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIAM MARTIN, II | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas of Columbiana County,
Ohio
Case No. 09 CR 31

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Robert Herron
Columbiana County Prosecutor
Atty. Ryan Weikart
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio  44432

For Defendant-Appellant:    Atty. Douglas A. King
Hartford, Dickey & King Co., LPA
91 West Taggart Street
P.O. Box 85
East Palestine, Ohio  44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  December 16, 2011

WAITE, P.J.

{¶ 1}   Appellant William Martin II was on trial in the Columbiana County Court of Common Pleas for seven felony counts when he filed a pro se motion to dismiss on speedy trial grounds.  Appellant questioned why his trial had been postponed after his attorney withdrew and new counsel was appointed.  The record indicates that Appellant and his new counsel both asked for the trial to be continued, and thus, the trial court properly overruled the motion to dismiss.  Two months later Appellant filed another pro se motion to dismiss on speedy trial grounds.  Once again, the record indicated that various tolling events, initiated by Appellant, had extended the speedy trial time, and the court correctly overruled the motion.  On appeal, Appellant raises an issue which he failed to raise with the trial court in support of his motions to dismiss.  He now alleges that a different trial judge improperly presided over the hearing granting Appellant new counsel, and that this second trial judge filed a void judgment entry granting a continuance.  Appellant contends that this substitution of judges was improper under Sup.R. 36(B).  He argues that the trial was never properly continued, thereby creating a speedy trial error.  Appellant is incorrect.  The record is replete with evidence substantiating the reason for the continuance on June 5, 2009. Appellant asked for a continuance due to substitution of counsel, and it was granted

orally and by judgment entry by the judge assigned to the case. The trial court did not need to further document the reason for the continuance in a separate judgment entry. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903. The judgment of the trial court is affirmed.

## History of the Case

{¶ 2} Appellant was arrested on February 7, 2009, for breaking into Dale's Laundromat in East Liverpool, Ohio. He has been continuously incarcerated since that date. He was bound over to the Columbiana County Grand Jury, and a seven-count indictment, encompassing several separate crimes, issued on February 25, 2009. The first three counts arose from the incidents occurring on February 7, 2009. Appellant was charged with breaking and entering (R.C. 2911.13(A), a fifth degree felony), possessing criminal tools (R.C. 2923.24(A), a fifth degree felony), and vandalism (R.C. 2909.05(B)(1)(a), a fourth degree felony). Counts four and five arose from a break-in at Gilkinson's Drive Through in East Liverpool on August 16, 2008. This resulted in another charge of breaking and entering (R.C. 2911.13(A), a fifth degree felony) and one count of safecracking (R.C. 2911.31(A), a fourth degree felony). Counts six and seven arose from a break-in at Sergeant Kenneth Biacco's residence, where money, uniforms, ammunition and a safe were stolen. This resulted in a charge of burglary (R.C. 2911.12(A)(3), a third degree felony) and another charge of safecracking (R.C. 2911.31(A), a fourth degree felony).

{¶ 3} Attorney Charlie Kidder was appointed as counsel, and a jury trial was set for May 4, 2009. Judge David Tobin was assigned to preside over the case.

{¶ 4} On April 30, 2009, Appellant filed a motion for continuance. No specific time period of continuance was requested. The reason for the motion was for counsel to adequately prepare for trial and enter plea negotiations with the prosecutor.

{¶ 5} A hearing was held on April 30, 2009, and Appellant's motion for continuance was granted. Trial was postponed until June 8, 2009.

{¶ 6} On June 4, 2009, Appellant's counsel filed a motion to withdraw, stating that Appellant was refusing to talk to counsel and had specifically requested new counsel.

{¶ 7} A hearing was held on June 5, 2009, with Judge C. Ashley Pike presiding over the hearing with the permission of Judge Tobin. Appellant requested a 60-day continuance:

{¶ 8} "THE COURT: But when you file a request like this, or have your lawyer file a request, that extends the deadline that we have to bring your case to trial. So this could push it down the road a couple of months. And I can only estimate that at this time. Do you understand that?

{¶ 9} "MR. MARTIN: I understand that, sir, but I feel I have to * * * get a fair trial. I was going to request a 60-day continuance, if that is okay.

{¶ 10} "THE COURT: So, in other words, you're saying to me that you understand there's going to be a delay. It might be 60 days or more?

{¶ 11} "MR. MARTIN: Yes, sir." (6/5/09 Tr., pp. 4-5.)

{¶ 12} The judge also asked Appellant if he understood that granting the motion for new counsel would require additional time for his new attorney to prepare for trial:

{¶ 13} "THE COURT:  Okay, and just so that we're clear, and I don't mean to over emphasize it, but you realize then the new lawyer - it would take the new lawyer time to look at your case, interview you, investigate the matter and get fully prepared so that he could represent you in a very able manner?

{¶ 14} "MR. MARTIN:  Yes, sir, I understand that."  (6/5/09 Tr., p. 5.)

{¶ 15} Judge Pike stated that Judge Tobin had given him permission to cancel the trial scheduled for June 8, 2009, to put on an order appointing new counsel, and that trial would be postponed until further order by Judge Tobin, with the understanding that it would be rescheduled in approximately 60 days.  The prosecutor objected to the defendant's motions and insisted that the state was ready to try the case on June 8, 2009, but understood that the court intended to appoint new counsel and grant a continuance.  (6/5/09 Tr., p. 7.)

{¶ 16} On June 5, 2009, a judgment entry was filed, signed by Judge Tobin, appointing C. Joseph King as counsel.

{¶ 17} On June 9, 2009, another judgment entry was filed, this time signed by Judge Pike for Judge Tobin, sustaining prior counsel's motion to withdraw and continuing the trial until further order of Judge Tobin.  The judgment entry states: "For reasons stated on the record, the Court herein SUSTAINS the Defendant's 'MOTION TO WITHDRAW' and continues the Jury Trial scheduled before the

Honorable David Tobin on Monday June 8, 2009. The State noted its objection to the same on the record. The Defendant's bond is continued and this matter shall be set for further hearing before the Honorable David Tobin for the appointment of counsel and the scheduling of a new trial date." The entry is signed "Judge C. Ashley Pike for Judge Tobin."

{¶ 18} Judge Tobin held a hearing on June 12, 2009, to consider Appellant's request for a continuance and to reset the trial date. Attorney King stated at the conference that he had received a few documents in the case, but that prior counsel had not yet given him the case file. (6/12/09 Tr., p. 3.) The court asked Attorney King how much time he would need to prepare for trial. (6/12/09 Tr., p. 4.) He responded by saying:

{¶ 19} "ATTORNEY KING: * * * As I understand just from talking to Mr. Martin here this morning there is some evidentiary issues that seems to need to be litigated here. So having said that, I -- it is going to take me a week or two just to get up and running on this case.

{¶ 20} "And so, I had suggested that-- to Mr. Martin that it maybe sometime in September before this case goes to trial."

{¶ 21} "* * *

{¶ 22} "THE COURT: All right. Mr. Martin is that agreeable with you?

{¶ 23} "MR. MARTIN: Yes, Your Honor.

{¶ 24} "ATTORNEY KING: He was gonna-- I was going to ask on his behalf though, Judge, he wanted me to ask you if you would reconsider the bond in this matter? * * *

{¶ 25} "But I -- I told Mr. Martin it would have to be sometime in September before this case goes to trial though.

{¶ 26} "THE COURT: Well, I'm going to set it in September, and I'll give the bond some consideration; but I can't make any promises about that.

{¶ 27} "Now if you want an earlier trial date, we'll try to--

{¶ 28} "MR. MARTIN: -- I think I have to-- I have to wait that long to make it fair, Your Honor.

{¶ 29} "THE COURT: All right. What about the 26th -- the 21st, excuse me, of September, Mr. King?

{¶ 30} "ATTORNEY KING: Judge, I am clear on that date." (6/12/09 Tr., pp. 4-6.)

{¶ 31} On June 12, 2009, an assignment notice was filed rescheduling the trial until September 21, 2009.

{¶ 32} On August 7, 2009, Appellant filed a motion to suppress.

{¶ 33} On September 3, 2009, Appellant filed a pro se motion to dismiss on speedy trial grounds. He filed this pro se motion even though he was represented by counsel.

{¶ 34} The court heard the speedy trial motion on September 11, 2009. Appellant argued the motion pro se and presented no theory regarding the reasons

he believed trial time had run out other than that he had been in jail more than 90 days, and that only one day should be tolled against him when he was without counsel on June 5, 2009. (9/11/09 Tr., p. 6.) Appellant argued that the court's journal entries do not explain why trial was continued from June 8th to September 21st. Neither Appellant nor his attorney raised concerns that Judge Pike presided over the June 5th hearing or that he signed the June 9th judgment entry instead of Judge Tobin.

{¶ 35} The court gave the parties until September 16, 2009, to file post-hearing memoranda. Appellant filed a memorandum on September 17, 2009. It is not clear whether the court considered the document because it was filed late. In his memorandum, Appellant argued that only one day should be tolled for the time he was without counsel because new counsel was appointed the next day. He argued that the entire delay between June 5, 2009, to the date of his motion to dismiss should be charged to the state, thus exceeding the speedy trial time. Once again, Appellant did not even mention any issue regarding the propriety of Judge Pike presiding over the June 5, 2009, hearing.

{¶ 36} On September 15, 2009, the court filed a judgment entry postponing trial (currently scheduled for September 21st) due to the delay caused by the still unresolved motion to suppress. The court stated that trial was to be reset to October 13, 2009. A subsequent assignment notice states that trial was instead reset to October 19, 2009.

{¶ 37} On September 22, 2009, the court filed its judgment entry denying the motion to dismiss. The court stated that Appellant, on the record, asked for a continuance in order for his new counsel to have time to prepare, and the continuance was granted at his behest.

{¶ 38} On October 15, 2009, the court issued a judgment entry continuing the trial to December 7, 2009. The court stated that it held a hearing on October 15, 2009, with Appellant and his counsel present, and that Appellant told the court he would be filing a pro se motion the next day, October 16th, regarding his constitutional rights. The court stated that the prosecutor would not have time to respond by the date of trial, which had been moved to October 19th. The court stated that Appellant requested a continuance, and that the state did not object. The court granted the continuance.

{¶ 39} On November 20, 2009, Appellant filed a second pro se motion to dismiss on speedy trial grounds. Appellant questioned whether Judge Pike was still presiding over the case on June 9th, and whether his judgment entry of that date was valid. Appellant did not raise any issue regarding the assignment of Judge Pike to preside over the case at the June 5th hearing. Appellant did not raise any argument as to alleged error because the court further continued the trial in its judgment entry of October 15, 2009.

{¶ 40} On November 25, 2009, Appellant filed a pro se motion to vacate the June 9, 2009, judgment entry.

{¶ 41} On November 25, 2009, the trial court issued a judgment entry resolving all the outstanding motions. The court denied Appellant's motion to vacate the June 9, 2009, judgment entry, and denied the second motion to dismiss on speedy trial grounds.

{¶ 42} The jury was seated on December 7, 2009. On December 8, 2009, the jury trial was discontinued because Appellant had entered into a Crim.R. 11 plea agreement, pleading no contest to counts one (breaking and entering), three (vandalism), four (breaking and entering) and to a lesser included offense in count six (burglary) of the indictment. The remaining charges were dismissed. The court sentenced Appellant to 12 months in prison on each count, with only the burglary count to be served consecutively, for a total of 24 months in prison. This appeal followed.

<u>ASSIGNMENT OF ERROR</u>

{¶ 43} "DEFENDANT/APPELLANT WAS DENIED HIS STATUTORY RIGHT TO A SPEEDY TRIAL PURSUANT TO OHIO REVISED CODE 2945.71 AND WAS ENTITLED TO A DISCHARGE PURSUANT TO OHIO REVISED CODE SECTION 2945.73."

{¶ 44} Appellant is raising a statutory speedy trial error in this appeal. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. *State v. Pachey* (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589.

Statutory speedy trial errors must be raised by motion prior to the commencement of trial. R.C. 2945.73(B).

{¶ 45} A person charged with a felony must be tried within 270 days from arrest, pursuant to R.C. 2945.71(C)(2). Each day a defendant is held in jail in lieu of bond is counted as three days for speedy trial purposes. R.C. 2945.71(E). This is often referred to as the triple-count provision. The date of arrest is not counted in the speedy trial calculation, so the speedy trial clock in this matter began running on February 8th. *State v. Lautenslager* (1996), 112 Ohio App.3d 108, 110, 677 N.E.2d 1263. There is no question that the triple-count provision applies in this case, and that the state had 90 days in which to bring Appellant to trial. Appellant correctly asserts that, according to R.C. 2945.73(B), a defendant shall be discharged if he is not brought to trial within the time required by R.C. 2945.71. See *State v. Price* (1997), 122 Ohio App.3d 65, 710 N.E.2d 41. If a violation of statutory speedy trial rights occurs, a defendant may file a motion seeking discharge from criminal liability pursuant to R.C. 2945.73. The merits of a motion for discharge for a violation of speedy trial rights made pursuant to R.C. 2945.73 are determined as of the date the motion is filed. *State v. Morris*, 2d Dist. No. 19283, 2003-Ohio-1049, ¶12.

{¶ 46} Although Appellant acknowledges that there are exceptions that may extend that statutory speedy trial time, he does not believe those exceptions were met in this case. Appellant contends that the court improperly imposed what he characterizes as a sua sponte continuance on June 9, 2009, and that further continuances granted on September 22, 2009, and October 15, 2009, were also

invalid. Appellant requests that we discharge him based on a speedy trial violation. However, Appellant's arguments are not supported by the record and are not persuasive.

{¶ 47} A review of a trial court's decision regarding a motion to dismiss based on statutory speedy trial grounds involves a mixed question of law and fact. *State v. McCall*, 152 Ohio App.3d 377, 2003-Ohio-1603, 787 N.E.2d 1241, ¶9. Deference is given to the trial court's findings of fact, but the appellate court independently reviews whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues regarding a statutory speedy trial case, the statutes are strictly construed against the state. *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.

{¶ 48} A trial court may extend the time within which a defendant must be brought to trial by various events as set forth in R.C. 2945.72. For example, R.C. 2945.72(E) allows the time period for a case to be brought to trial to be extended for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(H) provides that the speedy trial period may be tolled for the period of any continuance granted on the accused's own motion. *State v. Brown*, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶41. "[I]t is well-established that defense counsel may request a continuance in order to obtain more time to prepare for the case without the defendant's agreement, and the defendant is bound thereby." *State v. Smith*, 2d Dist. No. 2003 CA 93, 2004-Ohio-6062, ¶19, citing *State v. McBreen* (1978), 54 Ohio St.2d 315,

376, N.E.2d 593, syllabus. The period of continuance begins on the date the motion is filed or orally presented to the court, not on the date the motion is resolved. *City of Cleveland v. Fitzgerald* (Sept. 21, 1995), 8th Dist. No. 68790; *State v. Ebright* (1992), 83 Ohio App.3d 846, 615 N.E.2d 1105. R.C. 2945.72(H) also allows the trial court to sua sponte continue the trial.

{¶ 49} The relevant speedy trial events in this case are as follows:

{¶ 50} 1. Appellant was arrested on February 7, 2009. He has been continuously incarcerated since that date.

{¶ 51} 2. The speedy trial clock began to run on February 8, 2009.

{¶ 52} 3. Trial was initially set for May 4, 2009.

{¶ 53} 4. April 30, 2009, Appellant filed a motion for continuance. Motion granted. Trial was postponed until June 8, 2009. (82 of 90 days have elapsed. Clock tolled from running through June 8, 2009.)

{¶ 54} 5. On June 4, 2009, Appellant's counsel filed a motion to withdraw. (82 of 90 days have elapsed. Clock tolled until motion is resolved.)

{¶ 55} 6. June 5, 2009, Appellant requested a 60-day continuance. (82 of 90 days have elapsed. Clock tolled until motion is resolved.)

{¶ 56} 7. June 5, 2009, new counsel was appointed. (Clock continues to be tolled to resolve pending motion for continuance.)

{¶ 57} 8. June 12, 2009, scheduling hearing. Appellant's new counsel asks for a continuance until September 21.

{¶ 58} 9.  June 12, 2009, trial is rescheduled to September 21, 2009, and this time is charged to Appellant.  (82 of 90 days have elapsed.  Clock tolled through September 21, 2009.)

{¶ 59} 10.  August 7, 2009, Appellant filed a motion to suppress.  (Clock tolled until motion is resolved.)

{¶ 60} 11.  September 3, 2009, Appellant filed a pro se motion to dismiss on speedy trial grounds.  (Clock tolled until motion is resolved.)

{¶ 61} 12.  September 15, 2009, the court continues trial (currently scheduled for September 21st) to October 13, 2009, due to the delay caused by the motion to suppress.  (82 of 90 days have elapsed.  Clock tolled from running through October 13, 2009.)

{¶ 62} 13.  September 18, 2009.  Trial is reset from October 13 to October 19 without explanation.  (Clock is still tolled from running through October 13, 2009.)

{¶ 63} 14.  September 22, 2009, the court filed its judgment entry denying the September 3, 2011, motion to dismiss.  The court stated that Appellant, on the record, asked for a continuance until September in order for his new counsel to have time to prepare, and that the continuance was previously granted.

{¶ 64} 15.  October 2, 2009, judgment entry grants motion to suppress in part. (Clock is still tolled from running again through October 13, 2009.)

{¶ 65} 16.  October 14, 2009.  Speedy trial clock begins running again.

{¶ 66} 17.  (Thursday) October 15, 2009, hearing.  Appellant requested a continuance to file a motion on Friday, October 16, 2009, regarding his constitutional

rights. Court informed Appellant that there would not be enough time for the prosecutor to respond before trial, set for Monday, October 19, 2009. Continuance was granted. (83 of 90 days have elapsed. Clock now tolled from running until a new trial date is set.)

{¶ 67} 18. October 15, 2009, judgment entry continues the trial to December 7, 2009, on Appellant's request for continuance. (83 of 90 days elapsed. Clock is tolled from running through December 7, 2009.)

{¶ 68} 19. November 20, 2009, Appellant filed a second pro se motion to dismiss on speedy trial grounds. Clock is tolled from running until this motion is resolved. (As of this date, there are still 7 days left of speedy trial time.)

{¶ 69} The record establishes that Appellant requested continuances on April 30, 2009, June 5, 2009, June 12, 2009, and October 15, 2009. The requests for continuance on June 5, June 12, and October 15, 2009, were made orally in open court. Where the record shows that a defendant asked for a continuance in open court, and the continuance is granted, it will be upheld on appeal as a valid waiver of speedy trial rights. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, at syllabus. Appellant asked for a continuance on June 5, 2009, and repeated the request on June 12th, in order for new counsel to prepare for trial. This continuance was granted until September 21, 2009, and the time is charged to Appellant.

{¶ 70} The speedy trial clock was again tolled through October 13, 2009, because Appellant filed a motion to suppress and a motion to dismiss on speedy trial grounds. Delays attributable to a defendant's own motions are charged to the

defendant. R.C. 2945.72(E). "It is axiomatic that the filing of a motion to dismiss on speedy trial grounds tolls the speedy trial clock from running until the motion can be resolved by the court." *State v. Nottingham*, 7th Dist. No. 05 BE 39, 2007-Ohio-3040, ¶20. As of October 13, 2009, eight days were left on the speedy trial clock.

{¶ 71} One day is charged to the state on October 14, 2009, due to an unexplained continuance of trial beyond October 13, 2009. Then, on October 15, 2009, Appellant requested another continuance, which was granted until December 7, 2009. As of November 20, 2009, the date on which Appellant filed his second motion to dismiss on speedy trial grounds, the state had seven days left on the speedy trial clock. Therefore, there was no speedy trial violation and the trial court properly overruled both motions to dismiss.

{¶ 72} Appellant does not believe that the speedy trial calculation laid out above is accurate. He submits that the speedy trial clock was altered when Judge Pike sat in for Judge Tobin at the hearing on June 5, 2009. He cites to Sup.R. 36(B) and the Eighth District Court of Appeals' decision in *Rosenberg v. Gattarello* (1976), 49 Ohio App.2d 87, 359 N.E.2d 467, for the principle that an administrative judge of a multi-judge court does not have authority to make rulings in another judge's case, unless the assigned judge is unavailable and a postponement to wait for the assigned judge to rule would cause prejudice. Appellant believes that Judge Pike violated Sup.R. 36(B), that his judgment entry of June 9, 2009, is void, and thus, that he did not properly grant a continuance of the trial.

{¶ 73} Sup.R. 36(B) deals with the assignment of judges to individual cases. The rule specifies that a judge shall be assigned by lot to a case, and it is that judge "who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination." The rule further states that: "All preliminary matters, including requests for continuances, shall be submitted for disposition to the judge to whom the case has been assigned or, if the assigned judge is unavailable, to the administrative judge."

{¶ 74} We must first note that Appellant has waived any argument regarding Sup.R. 36(B) by not raising it in his first speedy trial motion to dismiss. Any objection to procedural irregularities in the assignment or reassignment of the trial judge must be raised at the earliest possible moment. *Militiev v. McGee,* 8th Dist. No. 94779, 2010-Ohio-6481, ¶18; *State v. Sizemore*, 12th Dist. No. CA2005-03-081, 2006-Ohio-1434, ¶14. Appellant had an opportunity in his first speedy trial motion to address the alleged impropriety of Judge Pike presiding over the June 5, 2009, hearing but he did not raise the matter at that time and the court overruled the motion to dismiss on speedy trial grounds. Appellant did not raise the matter regarding substitution of judges with the trial court until November 20, 2009, more than five months later.

{¶ 75} Second, it is not entirely clear from the record that Judge Pike made any decision or determination in this case. If not, there can be no violation of Sup.R. 36(B). The record reflects that Judge Pike conducted the June 5, 2009, hearing on the authority of Judge Tobin, and that it was Judge Tobin's decisions that were being relayed to the parties. Judge Pike then signed the June 9, 2009, judgment entry "for

Judge Tobin" rather than on his own behalf. When a judge signs for another judge, he is not signing in his own capacity as decisionmaker, but only as a representative of the person for whom he is signing. *Caldwell v. Ohio State University*, 10th Dist. No. 01AP-997, 2002-Ohio-2393, ¶45. The record indicates that Judge Tobin gave Judge Pike instructions on how to proceed with the motion to withdraw, and Judge Pike implemented those decisions. This unfolding of events may be somewhat unusual, but it does not constitute a violation of Sup.R. 36.

{¶ 76} Third, even if we accept Appellant's argument that Judge Pike had no authority to issue a judgment entry on June 5, 2009, because he was not properly assigned to the case under Sup.R. 36(B), the remaining aspects of the record do not support that the speedy trial clock had expired. Appellant asked for new counsel on June 4, 2009. Appellant then asked, in open court, for a continuance of trial on June 5, 2009. At the point this occurred, the speedy trial clock was already tolled through June 8, 2009, due to a prior continuance granted to Appellant. Judge Tobin, the judge assigned to the case, appointed new counsel on June 5, 2009, but had not yet resolved the motion for continuance. Therefore, time was tolled until Judge Tobin ruled on the motion for continuance. He held a hearing on June 12, 2009, to resolve this motion for continuance and to reset the trial date. At hearing, Appellant's counsel again asked, in open court, for a continuance to September 21, 2009. The continuance was granted by Judge Tobin, and trial was reset. Hence, even if we exclude the judgment entry issued by Judge Pike, the record clearly establishes that Appellant asked for continuances and that they were granted by Judge Tobin.

{¶ 77} Appellant believes that we should look only at the judgment entries in the record to establish whether continuances were properly requested and granted. Appellant posits that most of the continuances in this case arose sua sponte and that the reasons for the continuances cannot be found in the court's judgment entries. Appellant contends that the continuance that was granted when Appellant requested new counsel on June 4, 2009, was a sua sponte continuance. He submits that any unexplained sua sponte continuance granted on or after June 5, 2009, should be charged to the state. Appellant seems to be relying on *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, for this idea, even though this case is not cited on appeal. *Mincy* is cited in a number of Appellant's filings at the trial court level. *Mincy* dealt with the proper method for a trial court to authorize a sua sponte continuance of trial under R.C. 2945.72(H). *Mincy* requires a trial judge to file an order of continuance, along with the reasons for the sua sponte continuance, prior to the expiration of the defendant's speedy trial time. Id. at syllabus. Appellant argues, apparently on the basis of *Mincy*, that the speedy trial clock continued to run because there is no clear explanation in any of Judge Tobin's journal entries as to the reason why trial was continued from June 8, 2009, to September 21, 2009. If the journal entry signed by Judge Pike on June 9, 2009, is ignored (and most of Appellant's arguments on appeal relate to his theory that it should be ignored as void), then Appellant is correct that the court's remaining journal entries do not expressly state that Appellant and his counsel both asked for, and were granted, a continuance until September 21, 2009.

{¶ 78} Unfortunately for Appellant, he cannot rely on *Mincy* or any other related caselaw to support this argument. *Mincy* specifically applies only to sua sponte continuances of trial by the trial judge, and not to continuances requested by a defendant or counsel in open court at a hearing. *Mincy* was concerned about the dilution of the speedy trial statute by unexplained trial court continuances that did not arise from any action taken by the defendant, and that could later be justified by the court by classifying the continuance as sua sponte under R.C. 2945.72(H). *Mincy* dealt with this problem by requiring that the trial judge simply file an order (before the speedy trial time had run) stating that the continuance was being granted sua sponte, along with some minimal explanation as to why a sua sponte continuance was needed. *Mincy* does not apply when a defendant asks, in open court, for a continuance and the continuance is then granted. In the instant case, it was Appellant who repeatedly asked for continuances, and each one was granted.

{¶ 79} In *State v. King*, supra, the Ohio Supreme Court held that, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing *or made in open court on the record.*" (Emphasis added.) *King*, 70 Ohio St.3d 158, 637 N.E.2d 903, at syllabus. *King* is a more recent case than *Mincy*, and specifically mentions *Mincy* in its holding: "[W]e hold that a defendant's waiver of his or her right to a speedy trial must be either written or made on the record in open court. We also reaffirm our holding in *Mincy, supra*, that any *sua sponte* continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory

time limit and explains the reasons for the continuance." Id. at 160. *Mincy* itself limits its holding to sua sponte continuances, and Ohio's appellate courts continue to limit *Mincy* to this type of continuance. See, e.g., *State v. Marbury*, 2d Dist. No. 23823, 2011-Ohio-879, ¶14; *State v. Sanders* (Dec. 10, 1996), 4th Dist. No. 95 CA 6; *State v. Stamps* (1998), 127 Ohio App.3d 219, 224, 712 N.E.2d 762 ("an explanation for a continuance in a journal entry is not necessary, though certainly recommended, when a continuance is requested by and granted to a defendant.")

{¶ 80} It could hardly be any more apparent from the record that the continuances granted on June 5 and June 12, 2009, were not sua sponte. The record shows that Appellant's counsel filed a motion to withdraw just before trial was to begin, that the court held a hearing the next day, that Appellant requested a 60-day continuance at the hearing, that another hearing was held on June 12 to pick a trial date, that Appellant and his new counsel appeared at the hearing, and that they requested a new trial date in September, which the court granted. Since the law governing sua sponte continuances does not apply here, Appellant's arguments are not well-taken.

{¶ 81} The remainder of Appellant's argument has to do with time that was tolled after September 21, 2009. First, Appellant believes that his trial was postponed due to the court's conflicting schedule with a civil trial. Appellant argues that a civil trial is less important than a criminal trial. The record indicates, however, that the trial was postponed because of Appellant's second motion to dismiss, and not because of a conflict with another trial. The trial court did refer to a civil trial that

was on its schedule when it was looking for the next available trial date. The court's reference to a civil trial does not constitute any type of error. We ourselves have held that it is reasonable under R.C. 2945.72(H) for a court to continue a criminal trial due to scheduling conflicts with civil trials. *State v. McCall*, 152 Ohio App.3d 377, 2003-Ohio-1603, 787 N.E.2d 1241, ¶30.

{¶ 82} Appellant next contends that the judgment entry of October 15, 2009, is wrong when it states that Appellant advised the judge, in open court during a hearing, that he would be filing a pro se motion the next day, and that Appellant asked for a continuance at the hearing. Appellant seems to imply that the hearing never actually took place, despite the court's reference to it in the judgment entry. Appellant has waived this argument by not raising it at the trial court level as part of his second motion to dismiss on speedy trial grounds. The merits of a motion to dismiss on speedy trial grounds are determined as of the date the motion is filed, and the defendant must present all its arguments to the court at that time regarding speedy trial errors alleged in the motion to dismiss. *State v. Nottingham*, 7th Dist. No. 05 BE 39, 2007-Ohio-3040; *State v. Williams*, 2d Dist. No. 20104, 2004-Ohio-5273, ¶11; *State v. Phillips*, 2d Dist. No. 2003-CA-15, 2004-Ohio-4688. Failure to raise objections that must be raised before trial constitutes a waiver of those objections. Crim.R. 12(H). At the November 25, 2009, hearing on Appellant's second motion to dismiss, the state relied on the October 15, 2009, judgment entry as a valid continuance and tolling event for speedy trial purposes, and Appellant did not challenge the validity of the judgment entry. Therefore, the record demonstrates that

Appellant asked for and was granted a continuance on October 15, 2009, until December 7, 2009, and any other arguments related to that continuance have been waived.

## Conclusion

{¶ 83} It is clear from the record that Appellant either asked for continuances or filed motions that delayed trial in this case. He asked for a continuance on April 30, 2009, thereby postponing trial to June 8, 2009. He asked for a continuance on June 5, 2009, thereby postponing trial to September 21, 2009. He filed a motion to dismiss on September 3, 2009, thereby postponing trial until October 13, 2009. He asked for and was granted a continuance on October 15, 2009, delaying trial until December 7, 2009. Up to the date of Appellant's second motion to dismiss the state had used 83 of 90 days of its speedy trial time. Therefore, there was no speedy trial violation and Appellant's argument is unpersuasive. The sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.